### No. 143.—G. M. BENDER *v.* R. J. LOONEY et al.

The character of the action is determined by the prayer of the petition, and if suit is brought for damages, or the value of the property, with interest, *in solido,* alleged to have been received by the defendants, the action is prescribed by one year.

Agents acting under a *quasi contract* are not liable for interest and expenses incurred on the property in their hands, nor are they liable *in solido.*

APPEAL from the Tenth District Court, parish of Caddo. *Levisee, J. Land & Taylor,* for plaintiff and appellant. *Robert J. Looney, pro se,* defendant and appellee.

WYLY, J. The plaintiff alleges that in the suit of J. T. Belknapp against him and James F. Ainsley, in which said Belknapp illegally sequestered nineteen bales of cotton, Looney & Wells, a law firm, filed a petition praying that said sequestration be set aside and that the petitioner and Ainsley be permitted to bond the cotton sequestered; that in pursuance of said prayer the order was granted and the bond was signed in the name of the petitioner by Looney & Wells, as attorneys, it was also signed by James F. Ainsley and by Robert J. Looney and by M. Baer; that on the execution of said bond the cotton was delivered by the sheriff to the said James F. Ainsley, Robert J. Looney and M. Baer; that the said suit of Belknapp against him and Ainsley, in which the cotton was sequestered, was afterwards dismissed for want of prosecution and the writ of sequestration set aside by a judgment of the court; "that the said nineteen bales of cotton, sequestered as aforesaid, were bonded without his knowledge or consent, or any authority derived from him, and were likewise delivered by the sheriff to the said James F. Ainsley, Robert J. Looney and M. Baer, without any consent, knowledge or authority given by your petitioner. Your petitioner further represents that he is informed and believes that said cotton, after its receipt, as aforesaid, was sold, and the proceeds of the sale received by said parties, to wit: James F. Ainsley, Robert J. Looney and M. Baer, or received by one of said parties, with the knowledge or consent of the others. Your petitioner further represents the act of said parties in bonding said cotton and in selling it and receiving the proceeds thereof, without the consent, knowledge or authority of your petitioner, makes them liable *in solido* to pay your petitioner the full value of said cotton, with interest thereon from the date of its receipt and sale." After alleging the value of the cotton he prays judgment *in solido* against the defendants for its value.

The defendants set up a general defense and pleaded the prescription of one and three years.

The court gave judgment for the defendants on the plea of prescription, and the plaintiff has appealed.

From the petition we regard the suit as an action for damages for a

tort, and therefore think the prescription of one year applicable. C. C. 3201; 20 An. 151; C. C. 2304.

The cause of action is summed up in the allegation that "the act of said parties in bonding said cotton and in selling it, and receiving the proceeds thereof, without the consent, knowledge or authority of your petitioner, makes them liable *in solido* to pay your petitioner the full value of said cotton and interest from the date of its receipt and sale." We regard this clause as determining the character of the action.

The defendants are sought to be held liable *in solido* and to be compelled to pay interest from the day of the sale for an act, the bonding and selling of plaintiff's cotton and receiving the proceeds thereof without his consent, knowledge or authority. If plaintiff should recover it will be for the damage the act complained of has done him.

But the plaintiff insists that his action is based on a quasi contract, and comes under article 2274 of the Civil Code, which declares that "When a man undertakes, of his own accord, to manage the affairs of another, whether the owner be acquainted with the undertaking or ignorant of it, the person assuming the agency, contracts the tacit engagement to continue it and to complete it, until the owner shall be in a condition to attend to it himself; he assumes also the payment of the expenses attending the business. He incurs all the obligations which would result from an express agency with which he might have been invested by the proprietor."

It seems to us that the plaintiff has not proceeded against these defendants as his agents under a *quasi contract*. If they are his agents, and have sold his cotton, he should have demanded that they account to him for the proceeds they have received for the cotton; he could not ask of his agents more than they received. Here he sues for the value of his property, which, he says, was worth two hundred dollars "per bale at the time it was received and sold by said parties."

If these defendants were his agents and assumed the tacit engagement to continue it and complete it, until he, the owner, came into a condition to attend to it himself, how can he set up a claim for *interest on the value of the cotton from the time it was received and sold by these parties;* while under the tacit engagement to continue the agency these defendants were not *liable for interest on the proceeds of the cotton* in their hands, yet he claims it *from the day of the sale.* Again, if these defendants are only sought to be made liable as agents why does the plaintiffs claim that they are liable *in solido*. An agent is liable for his own acts; but here the plaintiff complains that his cotton was sold and the proceeds received by these defendants, or one of them, with the knowledge or consent of the others, and therefore they are liable *in solido*.

62

It is evident to us that this is an action for damages, and the prescription of one year must prevail.

It is therefore ordered that the judgment appealed from be affirmed, and that appellant pay costs of this appeal.

Rehearing refused.