No. 3302.

GEORGE WOOD *v.* CHARLES HARISPE.

| 26 | 511 |
| 47 | 90 |

| 26 | 511 |
| 121 | 311 |

The exception to the petition on various grounds having been pleaded after default had been entered, was correctly dismissed by the judge *a quo.*

If the defendant Harispe is responsible to the plaintiff, it is because his agent took possession of plaintiff's property and shipped part of it to Cuba on Harispe's account, and part of it to Harispe at New Orleans. If this possession was a wrongful one, as it is alleged to be, the property came into his hands by reason of an offense which he, through his agent, had committed. His obligation towards the plaintiff would rest upon a claim for damages caused by tortious conduct and is the result of an offense which is prescribed by one year. The prescription invoked in this court by the defendant must therefore, prevail.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont, J. Randolph, Singleton & Browne, T. Gilmore & Son,* for plaintiff and appellee. *C. E. Schmidt, Denegre, & Wm. Hunt,* for defendant and appellant.

MORGAN, J. Plaintiff alleges that in the month of July or August, 1862, he owned one hundred and forty bales of cotton; that this cotton was at a place called Little Bayou Tensas, on Grand river in the parish of St. Mary, and that it was in the keeping of one N. J. Pharr. He avers that the defendant demanded and received this cotton from Pharr, and that he disposed of the same. He alleges that Harispe owes him an account of this cotton which, although demanded of him, he has refused and neglected to render. He says that the cotton in question averaged four hundred pounds per bale, and that it was worth eighty cents per pound at the time it was received by Harispe. He prays that he be ordered to account, and that he be compelled to pay him $44,800, the value thereof.

The suit which was instituted on the nineteenth of January, 1867, commenced by attachment. The property attached was subsequently released on bond. Defendant excepted to the petition on various grounds. But as the exception was filed after default had been entered, the district judge correctly dismissed it.

The defendant then filed a general denial. The judge below, after

hearing the evidence, gave judgment against him for $5,600. Whereupon, the plaintiff moved for a new trial. The rule was fixed for the thirtieth January, 1871. On that day the court "ex officio, in order to correct an error in stating the amount of the judgment," ordered that a change be made so as to decree in favor of the plaintiff the sum of $30,600, with interest from judicial demand, with privilege upon the property attached.

From this judgment the defendant has appealed.

If Harispe is responsible to the plaintiff it is because his agent took possession of his property, and shipped part of it to Cuba on Harispe's account, and part of it to Harispe at New Orleans. If this possession was a wrongful one, as it is alleged to be, the property came into his hands by reason of an offense which he, through his agent, had committed. His obligation towards the plaintiff would rest upon a claim for damages caused by tortious conduct, and is the result of an offense which is prescribed by one year.

The cotton is alleged to have been taken in July or August, 1862. This suit was instituted on the nineteenth of January, 1867. The prescription invoked in this court by the defendant must prevail.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, annulled and reversed, and that there be judgment in favor of the defendant with costs in both courts.

Rehearing refused.