## No. 6401.

## GATY, McCUNE & Co. vs. L. L. BABERS.

Defendant, acting in good faith and under the belief that it was his property, sold certain machinery belonging to Plaintiffs. The action to recover its value is not one *ex delicto*, prescribed in one year, but arises from a quasi contract and is only prescribed in ten years.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom*, J.

Edward Phillips for Plaintiffs and Appellants.

B. F. Jonas for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiffs allege that the defendant has taken possession of and carried away certain machinery belonging to them, and has disposed of, or made way with the same, and that said machinery was worth two thousand five hundred dollars, $2500, which they claim from him. To this demand a general denial was filed.

The case proceeded to trial, pending which, the defendant pleaded the prescription of *one*, three, and five years.

The lower court heard the testimony adduced and passed judgment in the following words :

" In this case, the court considering the law and evidence to be in favor of defendant and, for the reasons orally assigned, the plea of prescription of *one* year being well taken,

It is ordered, adjudged and decreed that plaintiffs' demand be dismissed with costs."

From that judgment, the plaintiffs have appealed.

From the tenor of the judgment, we consider that the court held :

1st. That under the evidence and the law, which were found to be in favor of the defendant, and

2d. That *insupra*, the prescription of one year, pleaded, being a bar to plaintiffs' action, the demand of plaintiffs should be *rejected*, and the defendant relieved from all liability.

We will first determine the question of prescription.

We do not view the action as one for the recovery of damages resulting from the commission of an offense or of a *quasi* offense, but as one based on a *quasi contract*, for the recovery of the *value* of property removed and disposed of by one who is represented as having no authority to do so.

To such an action the prescription pleaded does not apply. The nature of the action is determined by the averments and prayer of the petition. 11 A. 277 ; 19 A. 491 ; 11 Toullier, No. 28, p. 39 ; Pothier, Obl. 116 ; 1 Chitty's Pleadings, pp. 126-147, " Trover ; " 10 A. 719 ; Marcadé 5, p. 267, 3 ; 289, 30 ; 293. The prescription of ten years alone applies.

The evidence shows that the defendant, acting in good faith, sold the machinery for five hundred dollars. The evidence does not satisfy us that it was worth more.

The character of the action was perhaps enlarged by the admission, without objection, of the testimony adduced. 18 L. 328 ; 11 M. 26 ; 1 La. 301 ; 3 M. 317 ; 6 N. S. 85 ; 12 M. 242 ; 2 La. 187 ; 5 R. 130 ; 11 M. 548 ; 25 A. 281.

The plaintiffs are entitled to recover the price at which the defendant has sold their machinery.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be reversed; and proceeding to render such judgment as should have been rendered by the said court,

It is ordered, adjudged, and decreed that the plea of prescription be overruled, and that plaintiffs recover of the defendant five hundred dollars with legal interest from judicial demand, with costs in both courts.