(90 South. 922)

No. 23424.

## MARTIN v. TEXAS CO.

(Jan. 30, 1921.    Rehearing Denied Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Limitation of actions ⬳32(1)—Prescription; suit for value of oil purchased from one not authorized to sell is barred in one year.**

A suit by one to whom land was sold for taxes to recover the value of oil delivered by the person in possession to defendant, and resold by defendant, so that the recovery of the oil was impossible, is an action ex delicto for conversion of the oil, not one growing out of a contract or quasi contract, and is governed by the prescription of one year contained in Civ. Code, art. 3536.

2. **Limitation of actions ⬳16—Prescription; form of action controls.**

The form of the action governs in matters of prescription.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by J. W. Martin against the Texas Company, to recover the value of oil delivered to defendant by the person in possession of a tract of land sold to plaintiff for taxes. Judgment for the plaintiff for part of relief demanded, and both parties appeal. Reversed, and suit dismissed.

Scheen & Blanchard, of Shreveport, for plaintiff.

Hampden Story, of Shreveport, for defendant.

OVERTON, J. The Alabama Oil Company was the owner of the southeast quarter of section 17, township 20 north, range 15 west, situated in the parish of Caddo. On May 26, 1916, this property was offered for sale by the sheriff and ex officio tax collector for the parish of Caddo for the unpaid taxes of 1915, and was adjudicated to the plaintiff. The sheriff, in obedience to law, executed at once, pursuant to the adjudication, a deed to plaintiff, as evidence of his title, subject to the

right of the tax debtor to redeem the property within one year from the recordation of the deed in the conveyance records. On April 28, 1918, judgment was rendered in the district court for the parish of Caddo in favor of plaintiff, confirming the tax sale, and thereafter, under a writ of possession which issued from that judgment, plaintiff was placed in possession of the land.

After plaintiff had gained possession of the property, he caused it to be surveyed, and thereby discovered that there was an oil well on it. From the time of the recordation of the tax sale up to the time plaintiff was put in possession, the Alabama Oil Company, the tax debtor, was in possession of the property, and during that period pumped oil from the well and delivered it to defendant, a common carrier. As the oil was delivered, defendant bought it and paid for it, believing at the time that the Alabama Oil Company owned it..

The last purchase was made in September, 1917, and in October, 1918, plaintiff instituted this suit, alleging that he is the owner of the oil, and has the right to recover it or its value, which value he alleges to be $7,253.-44. The plaintiff, no doubt realizing that the oil, long before the institution of this suit, had been converted into money by the defendant prayed for judgment against it only for the value of the oil, with legal interest thereon from judicial demand until paid.

Defendant in its answer pleads the prescription of one year, and also urges other defenses which are unnecessary to mention, because we should dispose first of the plea of prescription, and we are of the opinion that this plea should be maintained.

[1] Plaintiff's suit is for the value of the oil, not for the oil itself. If defendant is liable for its value, it is because it bought the oil from one who was not its owner, and converted it, although it did so in good faith. The suit does not grow out of a contract or quasi contract, but out of the viola-tion of law prohibiting a person from buying the property of another from one who is not the owner, and who has no authority to sell it, and from converting it, and, if he does do so, making him liable therefor. Such being plaintiff's cause of action, it is one for damages to the amount of the value of the property, arising ex delicto, and is governed by the prescription of one year prescribed by article 3536 of the Civil Code.

In Millspaugh v. City of New Orleans, 20 La. Ann. 323, which was a suit for the recovery of the value of stone ballast taken and converted by the defendant, it was held that the prescription of one year prescribed by the above article of the Code was applicable.

In Wood v. Harispe, 26 La. Ann. 511, in which plaintiff sued the defendant for the value of cotton unlawfully taken by him and converted, it was held that the action was one in damages, arising ex delicto, and prescribed by one year. See, also, Bender v. Looney, 22 La. Ann. 488; Burch v. Willis, 21 La. Ann. 492.

In Shields v. Whitlock & Brown, 110 La. 714, 34 South. 747, which was a suit for cutting timber on the land of the plaintiff, and which included a demand for the trespass and also one for the value of the timber, it was held that the prescription of one year was good as against the demand for the value of the timber.

[2] Plaintiff cites Gaty, McCune & Co. v. Babers, 32 La. Ann. 1091, and Burney v. Ludeling, 47 La. Ann. 73, 16 South. 507, in support of his contention, that the plea of prescription of one year should not be maintained. While these cases give support to that contention, yet we think that, under the law, a distinction must be made between an action for the property itself and one for its value, in cases of this nature. The latter are suits for damages arising ex delicto, while the former are not. The form of the action governs in matters of prescription. Sims v.

New Orleans Railway & Light Company, 134 La. 898, 64 South. 823, and authorities cited.

More than one year has elapsed between the date of the last purchase and conversion of the oil by defendant, when it was taken into its pipe line, and the institution of this suit.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be reversed, and that the plea of prescription of one year be maintained, and plaintiff's suit dismissed. It is further ordered that appellee pay the costs in both courts.

O'NIELL, J., concurs in the result.