(116 So. 222)

No. 26834.

## CARTER–ALLEN JEWELRY CO. v. OVERSTREET.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

Limitation of actions ⬅30—Prescription; jeweler's action against salesman for value of ring either stolen or lost through negligence held prescribed by one year (Rev. Civ. Code, art. 3536).

    Action by jeweler against one employed as salesman, having duty to look after display of jewelry in windows, for loss sustained by disappearance of valuable diamond ring, brought more than a year after loss, *held* prescribed after one year under Rev. Civ. Code, art. 3536; gravamen of complaint being that salesman stole ring himself or through negligence permitted some one else to steal it.

St. Paul, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by the Carter-Allen Jewelry Company against G. B. Overstreet. From a judgment sustaining a plea of prescription of one year, plaintiff appeals. Affirmed.

Scheen & Blanchard, of Shreveport, for appellant.

Foster, Looney, Wilkinson & Smith and Foster, Hall & Smith, all of Shreveport, for appellee.

THOMPSON, J. The plaintiff is appellant from a judgment which sustained a plea of prescription of one year.

More than a year intervened between the filing of this suit and the date on which the plaintiff's right of action, if it had any, accrued.

The application of the prescription therefore must rest on the question as to whether the cause of action alleged arises ex contractu or ex delicto.

The plaintiff, as the name indicates, conducted a jewelry business in the city of Shreveport.

The defendant was employed as salesman, and a part of his duties was to look after the display of the jewelry in the windows.

The plaintiff had on exhibition a diamond ring which had been borrowed from one W. K. Henderson, Jr. The ring disappeared on November 25, 1919, and was never thereafter recovered. The plaintiff, being unable to return the ring, paid the owner its value, $6,000.

This suit is to recover from the defendant the value which the plaintiff had to pay for the ring.

The allegations of the petition are somewhat vague, but when the petition is considered as a whole, it is very clear that the action is not one growing out of any contractual relations between the plaintiff and defendant; it is not one for accounting for property placed in the defendant's custody as agent or trustee; nor is the action one for money had

and received by the defendant for property belonging to the plaintiff.

The gravamen of the plaintiff's complaint is that the defendant stole the ring himself, or through his negligence permitted some one else to steal it.

If the first charge is true, that is to say, that the defendant stole the ring, then he was guilty of an offense. If the alternate charge is true, that is, that the defendant through negligence allowed some one else to steal the ring, then the act would be a quasi offense.

In either case the action for the value of the ring would be prescribed by one year.

Article 3536 of the Civil Code declares that an action for damages resulting from either an offense or a quasi offense is prescribed by one year.

In Martin v. Texas Co., 150 La. 556, 90 So. 922, this court said:

"Plaintiff's suit is for the value of the oil, not for the oil itself. * * * Such being plaintiff's cause of action, it is one for damages to the amount of the value of the property, arising ex delicto, and is governed by the prescription of one year prescribed by article 3536 of the Civil Code."

And in the case of Liles v. Producers' Oil Co., 155 La. 385, 99 So. 342, this court said:

"It is sufficient to say, therefore, without citing further authorities, that the rule is now well settled in this state that a suit for the value of property wrongfully taken and appropriated is not distinguishable from an action for damages as for a tort or quasi offense, and is prescribed in one year from the time knowledge is received by the plaintiff of said wrongful appropriation."

The plaintiff here knew that the ring was stolen and appropriated either by the defendant or some one else more than a year before this suit was filed.

The action for the value of the ring is therefore prescribed.

Judgment affirmed.

ST. PAUL, J., dissents.