92 So.2d 574

IMPORTSALES, Inc.

v.

Mrs. Sally Ryder LINDEMAN.

No. 42766.

Jan. 21, 1957.

Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, for plaintiff-appellant.

Solomon S. Goldman, New Orleans, for defendant-appellee.

HAMITER, Justice.

Importsales, Inc., the plaintiff herein, has been for a long period of time and is now engaged in the business of selling religious articles. During the years 1948 to 1951 (both inclusive) Hans C. Hasen, the deceased husband of the defendant Mrs. Sally Ryder Lindeman, acted as an agent for plaintiff in making sales of its merchandise on a commission basis.

In a letter of date March 2, 1951 the attorney for plaintiff (also its secretary) informed Hasen " * * * that if the samples and other materials which you have belonging to our client are not returned to them on or before March 15, 1951, they will refuse to accept the return of them at any later date and will hold you liable for the full amount of $2,315.64, due on their enclosed statement." Again on May 8, 1951 plaintiff wrote to Hasen demanding settlement. The latter, by a letter of May 12, 1951, disputed the correctness of the statement furnished him and refused to comply with the demand. No further correspondence took place relative to the claim.

Hasen died intestate in January, 1953, and thereafter his surviving wife (and sole heir) unconditionally accepted his succession.

On August 3, 1954 plaintiff, to quote from the original brief of its counsel, "filed this suit against Hasen's surviving spouse, claiming the value of the unreturned goods on consignment." It prayed for a judgment of $2,315.64, together with legal interest from February 14, 1951.

The defendant pleaded that the action was barred by the prescription of three years

and by laches. Also she answered, specifically denying the entire indebtedness alleged.

The district court dismissed the suit on the merits, and plaintiff appealed from the judgment.

In this court the defendant has specially pleaded the prescription of one year under Revised Civil Code Article 3536 which recites that actions for damages resulting from offenses or quasi offenses are prescribed by one year. In answer to the plea plaintiff urges that this is not a suit in tort, but rather is one on a quasi contract between principal and agent. And its counsel argue: "Under this quasi contract the deceased, as agent and salesman on a commission basis for the plaintiff, was to return to plaintiff either the materials themselves or the proceeds from the sale thereof. Plaintiff several times made written demand (as letters in the record show) upon decedent for return of the goods or the proceeds. The decedent did not comply with the demands. * * *"

■■■ If as assertedly occurred the decedent, after demand had been made on him, wrongfully refused to return the merchandise to the plaintiff owner or to pay it the proceeds from any sale thereof such refusal constituted a tortious conversion even though the original possession was lawful. As stated in 53 American Jurisprudence, verbo Trover and Conversion, Section 29:

"The gist of a conversion has been declared to be not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled. A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." And 89 C.J.S., verbo, Trover & Conversion, § 3, recites: "* * * The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner, although a temporary deprivation will be sufficient; and in consequence it is of no importance what subsequent application was made of the converted property, or that defendant derived no benefit from his act.

"In order to constitute a conversion there must be either some repudiation of the owner's right, or some exercise of dominion over it inconsistent with such right, * * * or, as otherwise expressed, there must be a wrongful taking or a wrongful detention, or an illegal assumption of ownership, or an illegal user or misuser. Conversions, it has been said, are of two classes, where possession is originally wrongful, and where possession originally rightful becomes wrongful by wrongful detention." See also Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Co., 127 La. 971, 54 So. 318;

A. B. C. Oil Burner and Heating Co., Inc. v. Palmer, La.App., 28 So.2d 462 (certiorari denied); and Edwards v. Max Thieme Chevrolet Co., La.App., 191 So. 569 (certiorari denied).

■ Thus, and conceding that it had a right to sue ex contractu omits claim arising out of the relationship of principal and agent, plaintiff had two remedies: (1) a suit in contract, and (2) an action in tort on the quasi offense of wrongful detention. This court has often held that a breach of contract might well give rise to actions both ex contractu and ex delicto and that, when such occurs, the party injured could elect the one to be pursued. American Heating & Plumbing Co., Inc., v. West End Country Club, 171 La. 482, 131 So. 466; Kramer v. Freeman, 198 La. 244, 3 So.2d 609; and Lafleur v. Brown, 223 La. 976, 67 So.2d 556.

■■ With reference to a claim of the instant kind the proper main demand in a suit in contract is for restitution to plaintiff of his property or, if it has been sold, for judgment against the defendant for the proceeds of sale. In an action ex delicto, on the other hand, plaintiff's recourse is to seek judgment for the value of the property wrongfully detained or appropriated. Bender v. Looney, 22 La.Ann. 488; Martin v. Texas Oil Co., 150 La. 556, 90 So. 922; Liles v. Barnhart, 152 La. 419, 93 So. 490; Liles v. Producers' Oil Co., 155 La. 385,

99 So. 339; Carter-Allen Jewelry Co. v. Overstreet, 165 La. 887, 116 So. 222; and Kramer v. Freeman, supra. The general rule governing the measure of damages for tortious conversion is the value of the property converted, with interest. Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Co. and A. B. C. Oil Burner & Heating Co. v. Palmer, both supra.

■■ Accordingly herein, for the purpose of disposing of defendant's plea of one year prescription filed in this court, we must determine what right plaintiff seeks to assert and, hence, the nature of plaintiff's action; and for the determination we must examine the allegations and prayer of the petition for "it is the well settled jurisprudence of this state that the character which plaintiff gives his pleadings and the form of his action govern the prescription applicable." Reynolds v. Reiss, 145 La. 155, 81 So. 884; Liles v. Barnhart, supra; Liles v. Producers' Oil Co., supra; American Heating & Plumbing Co. v. West End Country Club, supra; and Kramer v. Freeman, supra.

While the petition in the instant cause alleges that the late Hans C. Hasen acted as plaintiff's agent and salesman, it also alleges that in spite of repeated amicable demands he has failed to pay the amounts due according to five certain attached invoices

(the full value of the merchandise—plaintiff's cost plus its profit) and has failed to return the goods delivered to him. And plaintiff prays that it be granted a judgment for $2,315.64 (the stated full value of the merchandise delivered according to the attached invoices), together with legal interest from February 14, 1951—not a judgment ordering a return of the goods or for the proceeds of sale if they had been sold.

In view of such allegations and prayer clearly plaintiff's cause of action is one ex delicto for damages to the amount of the value of the merchandise (not one ex contractu for restitution of the property or for the proceeds of sales thereof). Therefore, under the above cited jurisprudence, it is governed by the prescription of one year provided for by LSA–Civil Code Article 3536 and pleaded specially in this court by the defendant.

In opposing the discussed plea of prescription plaintiff relies on Gaty, McCune & Co. v. L. L. Babers, 32 La.Ann. 1091. That decision, as well as another early case, was mentioned in Martin v. Texas Oil Co., supra [150 La. 556, 90 So. 923], with reference to which the court observed: "* * * While these cases give support to that contention, yet we think that, under the law, a distinction must be made between an action for the property itself and one for its value, in cases of this nature. The latter are suits for damages arising ex delicto, while the former are not. * * *" Moreover, in Liles v. Barnhart and Liles v. Producers' Oil Co., both supra, the Gaty case was found to be out of harmony with the more recent jurisprudence.

Another decision relied on by plaintiff is Clark Brothers & Co. v. John Blank & Co., 1906, 3 Orleans Appeal 439. The opinion therein does not state whether the main demand was for a return of the goods or for their value. Apparently it was for the former (and hence the action was one ex contractu), for the judgment rendered ordered a return of the merchandise or an accounting for the proceeds of sale if that had occurred. Too, that case was decided long prior to the more recent jurisprudence above discussed.

Since we have concluded that the plea of one year prescription is meritorious there is no necessity for our considering defendant's other pleas or the merits of the cause.

For the reasons assigned defendant's plea of one year prescription filed in this court is sustained and the judgment dismissing the suit is affirmed at plaintiff's costs.