LOTTINGER, Judge.
This is a suit wherein the plaintiff alleges that he entered into an unwritten contract with the defendant whereby in consideration of a $100 advance payment, the latter agreed to drill a water well on petitioner’s property which he guaranteed would furnish an adequate and satisfactory water supply. The plaintiff further alleged that while he had paid the defendant the agreed upon price of $100 the latter had never completed a satisfactory water well on his property. The prayer is for the return of the $100 together with certain damages the plaintiff is alleged to have suffered as the result of the noncompliance by defendant with his agreement.
The defendant by way of original and supplemental answers admitted receiving the sum of $100 from plaintiff but denied the remaining allegations of the petition and, in addition, pleaded the prescription of one year under LSA-C.C. art. 3536.
The case was duly tried on the merits in the Court below and, following a judgment dismissing his suit, the plaintiff has appealed.
There is no real dispute as to the facts. The record shows that the defendant is a self employed Negro well contractor with over twenty-five years experience in the Feliciana Parishes and nearby counties in Mississippi. It was further well established that he contracted his services on the basis of guaranteeing water and that he did so contract with the plaintiff. The defendant himself testified on this point as follows:
“Q. Well, now what agreement did he make to pay you? A. Well, he made an agreement I would put him one down — one that would go down 30 feet. I made agreement to furnish everything, labor and all for $100.
“Q. Now, did you tell him that you would guarantee him water ? A. Yes, sir.
“Q. You guaranteed him water for $100? A. Yes, sir. (Tr. pages 8 and 9)
***** *
“Q. In other words, the $100— for $100 you guarantee water? A. I would guarantee him a water well. (Tr. page 54)
******
“Q. You still went ahead and guaranteed him water for $100? A. I would guarantee him water for $100.
“Q. Would you say this, Jehue, that if you had gone, say 40 feet or 50 feet that you could have hit more water? A. Well, if I had had the equipment to go I reckon I could have. I didn’t have the equipment to go there. You see, I can’t go no further — when I . hit that clay, I stop.” (Tr. pages 57 and 58)
The record further discloses that subsequent to the entering into of the agreement, the defendant dug a well on the plaintiff’s property which either caved in or was dry. At any rate, however, defendant proceeded to drill a second well following the completion of which he was paid the $100. A week or so after the completion of the second well the plaintiff informed the defendant that it was unsatisfactory and the defendant then dug a third well. There is some testimony in the record by the defendant to the effect that, upon completion, there was several feet of water in the second and the third wells. Be that as it may however, the record contains the positive testimony of the plaintiff that neither of these wells ever produced satisfactory quantities of water. The trial judge dictated oral reasons for judgment into the record wherein he stated that he believed the testimony of the plain *290 tiff and that he was not furnished with sufficient water.
From the above and foregoing, it is evident that the defendant entered into an agreement and that he failed to comply with his guarantee thereunder. However laudable may have been his efforts in bringing in a satisfactory well, the fact remains that he was unsuccessful in so doing and did not, therefore, comply with his obligation. This being the case the plaintiff is manifestly entitled to the return of his $100.
There remains for consideration the plea of prescription of one year under LSA-C.C. art. 3536. The defendant cites m support thereof the ruling of the Supreme Court in the case of Importsales, Inc., v. Lindeman, 231 La. 663, 92 So.2d 574. An examination of that case, however, reveals that it is not apposite here as there the plea was held good under the theory that the suit was one ex delicto as the plaintiff had sued for the value of goods allegedly wrongfully detained by a commission merchant rather than for the goods themselves or the proceeds of their sale had they been sold. Here there is no quasi offense by wrongful detention. The defendant entered into a contract and having failed to comply therewith is being sued under the contract for the consideration therefor. The mere fact that the plaintiff has sought damages in addition does not serve to convert the action from one in contract to one in tort.
There is no proof of any of the damages allegedly sustained by plaintiff and they will not, therefore, be allowed.
For the reasons assigned the judgment appealed from is reversed and it is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Aubrey Spillman, and against the defendant, Jehue Dunn, in the amount of $100 together with legal interest thereon from judicial demand until paid and all costs.
Judgment reversed.