SAMUEL, Judge.
Plaintiff filed this suit for the value of certain scrap steel placed by it in defendant’s possession. Defendant answered and filed a third-party petition against Southern Scrap Materials Co., Ltd., seeking a judgment against the latter in such amount as might be found to be due by defendant to plaintiff in the original suit. Southern Scrap filed an exception of prescription of one and two years to the third-party petition. There was judgment in the trial court maintaining the exception and dismissing the third-party petition. Third-party plaintiff has appealed therefrom.
The original petition, filed on February 18, 1959, alleges that during the month of February, 1957, plaintiff loaded a freight car with scrap steel and turned the same over to the defendant with instructions to deliver the steel to a certain warehouse for loading on a ship then in the Port of New Orleans; all of the steel could not be so loaded and plaintiff ordered defendant to hold the remainder pending further instructions; plaintiff was later advised by defendant that, through error on defendant’s part, the steel was delivered to Southern Scrap whose stevedores had loaded the steel on a ship for the account of Southern Scrap. Plaintiff’s suit was for $2,030.32, the alleged value of the steel.
On April 22, 1959, defendant filed an answer in the form of a general denial. On May 1, 1959, defendant filed a third-party petition against Southern Scrap, alleging that on or about March 1, 1957, New Orleans Public Belt Railroad had placed the particular railroad car at the Galvez Street Wharf and that the steel contained in the *82 car was unloaded for the account of the third-party defendant. The third-party petition does not contain an allegation to the effect that the steel cannot be returned, or is not available for return, for any reason, nor is there any allegation as to the date the delivery to Southern Scrap came to the knowledge of the railroad. The prayer of the third-party petition is that plaintiff’s suit be dismissed and, alternatively, in the event of a judgment against third-party plaintiff, there be a like judgment, for the principal amount of the first judgment, including interest and costs, rendered in favor of third-party petitioner against the third-party defendant.
On July 1, 1959, the third-party defendant filed exceptions to the third-party petition, alleging and pleading that said petition was prescribed by the prescription of one and two years.
The sole issue presented for our determination is the period of prescription applicable to the third-party complaint. Southern Scrap contends (1) that the railroad’s action is in tort and therefore, under LSA-C.C. Art. 3536, prescribed in one year, and (2) that under LSA-R.S. 45:1100 (relative to actions by or against common carriers and specifically including loss of shipments of freight) the action is prescribed in two years. The railroad contends that its action is in quasi contract which, under LSA-C.C. Art. 3544, is governed by the prescriptive period of ten years.
In those cases in which the plaintiff has the choice of two remedies, one in contract or quasi contract and the other in tort as the result of an offense or quasi offense, our settled jurisprudence is that such a plaintiff can elect the remedy to be pursued and the character he gives his pleadings and the form of his action control the prescription applicable; and when such a plaintiff sues only for the value of property wrongfully taken or detained, the action is regarded as one for damages arising out of and based on an offense or quasi offense and the prescription of one year is applicable. Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574; McGuire v. Monroe Scrap Material Co., 189 La. 573, 180 So. 413; Carter-Allen Jewelry Co. v. Overstreet, 165 La. 887, 116 So. 222; Liles v. Barnhart, 152 La. 419, 93 So. 490; Martin v. Texas Co., 150 La. 556, 90 So. 922.
Articles 2301 and 2312 of the LSA-Civil Code provide, in substance, that he who receives what is not due to him, whether through error or knowingly, is obligated and bound to restore the same in kind, if it remain, or its value, if it be destroyed or injured by his fault. These articles appear in that Chapter of the Civil Code entitled “Of Quasi Contracts” and the action thereunder is governed by the prescriptive period of ten years set forth in Civil Code Art. 3544.
Therefore, in the instant case the railroad had an action in quasi contract, first for the return of the steel, and secondly for its value if Southern Scrap was unable to restore it in kind. It also had an action in tort for the value of the steel wrongfully appropriated. And, as determined by the above cited Supreme Court cases, it is the tort, or ex delicto action, which the railroad has chosen. For in its third-party complaint the railroad does not seek the return of the steel. It seeks only a judgment against Southern Scrap for the principal amount, including interest and costs, of any judgment which may be rendered against it in favor of the plaintiff in the original suit. And in that suit the original plaintiff has prayed only for the value of the steel. In neither petition is there a prayer for the return of the steel or, in default thereof, for its value.
It is quite clear that prescription does not run against a party who is unable to bring an action. Tucker v. LeGette, La.App., 8 So.2d 339; Succession of Galiano, La.App., 195 So. 377; Hogh v. Baloga, La.App., 180 So. 215. For this reason we are concerned with the question of when the railroad’s right and cause of action in tort arose against the third-party defendant, if *83 in fact it ever did arise, and we are of the opinion that the question is settled by, and that we must follow, the case of Douglas v. Haro, 32 So.2d 387 (in the Court of Appeal) and 214 La. 1099, 39 So.2d 744 (in the Supreme Court).
Douglas involved a “compensated deposit”, or under common law terminology, “a bailment”, a relationship indistinguishable from the instant case on the point now being discussed. In Douglas plaintiff operated a garage and accepted for storage therein an automobile owned by a local bank. A plaintiff employee took the automobile out of the garage and became involved in a collision with a car operated by the defendant. Plaintiff filed suit for the damages to the deposited automobile and exceptions of no right or cause of action were filed to plaintiff’s petition. The sole question thus presented was whether an action can be brought by a depositary against a third-party tort-feasor for damages to the subject matter of the deposit in the absence of the payment of such damages by the depositary to the depositor and in the absence of demand for such payment. The Court of Appeal for the Parish of Orleans, the predecessor of this court, maintained the exceptions and affirmed the judgment of the district court dismissing the suit on the grounds that plaintiff had suffered no damage and therefore had no right or cause of action.
When Douglas came before the Supreme Court on review, that Court reversed the judgment of the Court of Appeal and remanded the case to the trial court in order that the depositor (the owner of the automobile) might be impleaded in the suit. Although the Supreme Court said it was not necessary to express an opinion on whether or not the plaintiff had no interest to sue because he had suffered no loss and alleged no demand from the depositor for restitution, it is quite clear to us that the Supreme Court, by its action in reversing and remanding, must have held that the depositary had a right and cause of action against the third-party tort-feasor. Certainly the im-pleading of the depositor could not by itself give rise to a right or cause of action which did not exist in the absence of such an impleader.
We consider ourselves bound by Douglas as finally decided by the Supreme Court and therefore must conclude in the instant case that the railroad’s right and cause of action in tort against Southern Scrap arose when the steel was wrongfully appropriated by the latter and that at any time thereafter the railroad could have brought its action ex delicto against Southern Scrap, although in order to properly do so it would have been necessary to implead the original plaintiff, Edward Levy Metals. Under all of the cases herein cited we must also conclude that the railroad’s third-party petition is an action ex delicto and is barred by the prescription of one year.
We are aware of Article 2164 of the LSA-Code of Civil Procedure which in part provides: “The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” We are also aware of Comment (a) which appears under Article 2164 and states the article insures that the “theory of the case” doctrine is not applicable under the Code. While there can be little doubt that the cases first cited are based upon the “theory of a case” doctrine (see 24 Tul.L.Rev. 66), we are unable to do anything other than follow that Supreme Court jurisprudence. For here all of the facts occurred, the pleadings were filed, the exception of prescription was heard and judgment rendered thereon by the trial court, prior to the effective date (January 1, 1961) of the Code of Civil Procedure. And Sec. 4 (B) (2) (b) of Act IS of 1960, under which act the Code was adopted, prevents the Code from changing the legal effect of any judicial, official, or procedural act done or attempted, or of any failure to act, prior to said effective date.
Our decision maintaining prescription of one year makes it unnecessary for us to consider the contention of the third-party *84 defendant relative to the prescription of two years.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.