353 So.2d 1079 (1977)
Winifred Leshe MADDEN, Plaintiff-Appellant,
v.
Reid R. MADDEN, III, Defendant-Appellee.
No. 13396.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1977.
*1080 Bethard & Davis by Henry W. Bethard, III, Coushatta, for plaintiff-appellant.
Whitehead & McCoy by C. R. Whitehead, Jr., Natchitoches, for defendant-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
This appeal is from a judgment sustaining a peremptory exception of one-year prescription filed by defendant and dismissing this suit to recover the value of personal belongings allegedly "wrongfully confiscated" by the defendant.
Appellant's principal specification of error is that this action is governed by the ten-year prescriptive period for personal actions provided in LSA-C.C. Art. 3544 because the cause of action arises out of a breach of a quasi contractual relationship under negotiorum gestio or a contractual relationship of lease or usufruct.
After defendant's elderly mother, who had lived in the house owned by defendant rent free for over 20 years, became ill and began to live with her daughter and later in a nursing home, defendant boarded up the house in order to protect the house and its contents. Defendant later removed the mother's personal belongings, most of which were old, worn and worthless, burning some of the belongings, giving some away and keeping some himself. Defendant's actions took place more than a year prior to the filing of this suit.
Dealing with appellant's specification of error, there is no evidence in the record to support the existence of a lease agreement between the mother and defendant or that a right of usufruct was ever established by defendant in the mother's favor. Likewise, there is no indication that defendant ever took upon himself the management of his mother's affairs in such a manner as to give rise to the quasi contractual relationship of negotiorum gestio under LSA-C.C. Art. 2295. His actions in boarding up the windows of the house and disposing of the contents were acts consistent *1081 with his ownership of the house and management of his own affairs. The claim for damages does not spring from any right the mother had to the house, but rather from her ownership of the movables within the house and defendant's conduct with respect to those items.
The common law tort of conversiona distinct act of dominion wrongfully exerted over another's property in denial of or inconsistent with the owner's right thereinhas been recognized by Louisiana courts for over a century as an offense or quasi offense under LSA-C.C. Art. 2315. Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957); Deshotels v. Statewide Trailer Sales, 333 So.2d 259 (La.App. 1st Cir. 1976); Lincecum v. Smith, 287 So.2d 625 (La.App. 3d Cir. 1973), writ refused 290 So.2d 904 (La.1974), and cases cited therein. See and compare A. N. Yiannopoulas, Real Actions in Louisiana and Comparative Law, 25 La.L.Rev. 589 at pp. 645-667.
We hold that the cause of action asserted in this case is delictual under LSA-C.C. Art. 2315 and is prescribed by one year under LSA-C.C. Art. 3536. The trial court correctly sustained the defendant's peremptory exception of prescription and we affirm, at appellant's costs.
Affirmed.