398 So.2d 186 (1981)
Robert C. HOLLAND, Jr., Plaintiff-Appellee,
v.
FIRST NATIONAL BANK OF CROWLEY, Defendant-Appellant.
No. 8181.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*187 Edwards, Stefanski & Barousse, Homer Ed Barousse, Jr., Crowley, for defendant-appellant.
*188 Privat & Regan, Thomas K. Regan, Crowley, for plaintiff-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
SWIFT, Judge.
On December 5, 1973, Robert C. Holland, Jr., plaintiff, brought to the First National Bank of Crowley, defendant, a bag of pre-1965 silver quarters with a face value of $495.25. The bag was labeled "Robert Holland, Jr." and placed in the bank's vault. An entry of $495.25 was recorded in Holland's Gold Key Savings Account passbook and he received a deposit slip for this amount which also said:

"SILVER QUARTERS PRE 1965 TO BE HELD IN VAULT".
The credit to Holland's account brought his balance to $1,154,456. On December 31, 1975, he withdrew $500.00 from the account. However, the balance remaining then and thereafter was in excess of $495.25.
In February 1979 the bank sold the silver quarters for a price of $1,955.60. This amount was not credited to Holland's account. Plaintiff discovered the sale in March, 1979, whereupon, according to a stipulation, he became "angry and upset." Holland demanded that the bank return a like amount of pre-1965 silver quarters. Upon its refusal, Holland instituted this suit for "tortious conversion" and return of the property and also for damages for embarrassment, humiliation and inconvenience.
The bank denied liability, contending that upon the credit to Holland's savings account of $495.25 the quarters were the property of the bank, became comingled with its other funds, and they were sold in the regular course of business.
The trial judge concluded the defendant had wrongfully converted the silver quarters. She recognized that the traditional remedies in cases of conversion have been recovery of the property or recovery of its value, interest and damages if the property had been sold to a third person. Pisciotta v. Du Saules, 125 So.2d 181 (La.App. 4 Cir. 1960), LaFleur v. Sylvester, 135 So.2d 91 (La.App. 3 Cir. 1961). But she decided that under these circumstances Article 2944 of our civil code provides the best possible remedy. It reads:
"The depositary ought to restore the precise object which he received.
"Thus a deposit of coined money must be restored in the same specie in which it was made, whether it has sustained an increase or diminution of value."
Therefore, the judgment ordered the defendant bank to return to plaintiff a like amount of pre-1965 silver quarters. In addition, the plaintiff was awarded $1,500.00 as general damages with legal interest thereon from judicial demand and like interest from the date of conversion on $1955.60, the amount the bank received from the sale of the silver quarters.
From this judgment the defendant has appealed.
We agree with the trial judge that Holland and the bank were respectively depositor and depositary of the bag of silver quarters and the bank is obliged to restore the deposit in kind.
A deposit is an act by which a person receives movable property of another binding himself to preserve it and return it in kind. Civil Code Articles 2926 and 2928. It is perfected by real or ficticious delivery of the thing deposited. Civil Code Article 2930. If it is a voluntary deposit it takes place by the mutual consent of the person making the deposit and the person receiving it. Civil Code Article 2932.
In this case the money was placed in a bag marked with Holland's name and the deposit slip stated that it was to remain in the vault. Nothing indicated the coins were to be comingled with the bank's funds. Thus, the bank agreed to and did receive the movable property from Holland, expressly obligating itself by the terms of the deposit slip to preserve the bag of quarters in the vault and impliedly to return the bag and its contents to the owner on demand.
*189 Certainly Holland was not just an ordinary creditor of the bank who had deposited money to be mixed with the general funds of the bank and used by it in the regular course of its business, subject to ordinary withdrawal by the depositor. In re Louisiana Savings Bank and Safe Deposit Company, 40 La.Ann. 514, 4 So. 301 (La.1888).
We attach no significance to the fact that the bank credited Holland's passbook with $495.25. Like the trial judge, we view this as an error on the part of the bank. That entry did not vitiate the express condition of the deposit, evidenced by the deposit slip and bag label, that the silver coins remain in the vault in the name of Robert Holland, Jr.
We also attach no significance to the fact that Holland subsequently withdrew funds from the savings account. The balance never fell below $495.25, so the withdrawals cannot be construed as any indication that the plaintiff intended to draw against the deposit.
Article 2937 of our civil code requires the depositary to use the same diligence in preserving the deposit as he does in preserving his own property. Civil Code Article 2940 forbids the depositary to make use of the thing deposited unless it has express or implied permission of the depositor. Thus, a depositary must show that he did not use the property on deposit and that he acted as diligently in preserving deposited property as he would in preserving his own.
Our jurisprudence has approved the common law notion of conversion in the interpretation of Article 2940. Conversion is a distinct act of diminution over another's property in denial of or inconsistent with the owner's rights therein. Edwards v. Max Thieme Chevrolet Co., 191 So. 569 (La. App. 2 Cir. 1939); Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (La. 1957); Hamilton v. Travelers Indemnity Company, 248 So.2d 617 (La.App. 3 Cir. 1971).
In Short v. Lapeyreuse, 24 La.Ann. 45 (1872), the depositary sold sugar deposited with it by the plaintiff's depositor and converted the money to his own use. The court held the depositary liable for the value of the sugar, saying:
"It was bad faith in the defendant to ship and sell for his own account the sugar of the plaintiff left in his keeping as depositary."
The bank's unauthorized sale of the deposited quarters not only violated the express prohibition of Article 2940, but in our opinion constituted a tortious conversion of the deposited property.
In regard to the plaintiff's remedy, as previously mentioned the general rule is that the measure of damages for tortious conversion is the value of property converted with interest and damages if the property has been sold to a third person, and if not the plaintiff can recover the property itself. However, we believe the trial court properly applied Civil Code Article 2944 under the unique facts of this case.
The first paragraph of Article 2944 states that the depositary ought to return the precise object deposited. This, of course, is based on the assumption that the precise object is still within reach of the depositary. Such is not the case here. However, the second paragraph of the article is applicable, requiring that a deposit of coined money be restored in the same specie.
Black's Dictionary defines "specie" as "coin of the precious metals, of a certain weight and fineness, and bearing the stamp of government, denoting its value of currency." It is obvious from the amount of the proceeds of the sale of Holland's quarters that quarters minted after 1965 do not possess the same precious metal composition as their pre-1965 silver counterparts. Thus, pre-1965 silver quarters are different specie than post-1965 quarters and to comply with the codal article the bank must restore 1,981 pre-1965 silver quarters.
The defendant contends that there is no proof in the record to substantiate the award of $1,500.00 to plaintiff, presumably for mental anguish caused by the tortious *190 conversion. However, the record discloses the parties stipulated that plaintiff was "angry and upset" over the loss of his quarters.
Despite the specific remedy prescribed by our code for conversion of this type of property, we see no reason why Holland should not recover general damages which are allowed in cases involving wrongful taking. LaFleur v. Sylvester, supra; Vercher v. Toda Enterprises, Inc., 216 So.2d 318 (La.App. 3 Cir. 1968). We must admit that the amount of the general damage award is quite generous, but we cannot say that the trial judge abused her "much discretion" in this respect. Civil Code Article 1934(3). Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Reck v. Stevens, 373 So.2d 498 (La.1979). The award of legal interest from judicial demand on this sum was proper. We also affirm the award of such interest on the value of the quarters from the date of their conversion. LaFleur v. Sylvester, supra.
We are convinced, however, that the trial court erred in not crediting the defendant with the sum of $495.25 upon return of the deposit. As pointed out heretofore, this amount was erroneously credited to plaintiff's savings account when the quarters were placed in the vault because the defendant never had the use of such money.
For the foregoing reasons, the judgment of the district court is amended to allow defendant a credit of $495.25 on the award for general damages, but otherwise it is affirmed. The costs of appeal are assessed to defendant-appellee.
AMENDED AND AFFIRMED.