NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-559

ALVIN J. CHAISSON

VERSUS

COLBY GARRETT BROUSSARD, ET AL.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-760-08
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Van H. Kyzar, Judges.

AFFIRMED.

Alvin J. Chaisson #506940
Allen Correctional Center, Saturn B1-16
3751 Lauderdale Woodyard Road
Kinder, LA 70648
PLAINTIFF/APPELLANT:
    In Proper Person

Tim Cassidy
Cassidy Law Firm
P.O. Box 11446
Jennings, LA 70546
Phone (337) 824-7322
COUNSEL FOR DEFENDANTS/APPELLEES:
    Colby Garrett Broussard
    Matthew Lewis Broussard
    Alyssa Lauren Broussard
    Timothy Michael Cassidy

**KYZAR, Judge.**

The plaintiff, Alvin J. Chaisson, appeals from a trial court judgment granting exceptions of prescription, no right of action, and res judicata in favor of the defendants, Colby Garrett Broussard, Matthew Lewis Broussard, Alyssa Lauren Broussard, and Timothy Michael Cassidy. For the reasons assigned, we affirm.

## DISCUSSION OF THE RECORD

Mr. Chaisson murdered Jamie Landry Broussard, the mother of Colby, Matthew, and Alyssa Broussard, on August 13, 2004, by breaking into her residence and shooting her to death. Mr. Chaisson was charged with second degree murder and aggravated burglary in the matter and ultimately pled guilty to manslaughter and aggravated burglary. He was sentenced to forty-seven years on these convictions.

On September 8, 2008, Mr. Chiasson, in proper person, filed a petition captioned "Civil Tort," naming as defendants Colby, Matthew, and Alyssa Broussard, and Timothy Michael Cassidy (referred to collectively as "the defendants"). Therein, he claimed that he was the owner of a bank account on deposit with Jefferson Davis Bank and Trust Company, in the amount of $32,363.00, and claimed that the defendants "stole the entire $32,363.00 [] from plaintiff with consent or lawful authority[,]" that the defendant's committed "felony theft of said monie(s)[,]" and that "defendant's divested said monie(s) in bad faith[.]" Based on the foregoing, Mr. Chiasson sought a judgement against the defendants in the sum of $32,363.00, plus legal interest.[1]

---

[1] This entire case stems from an August 24, 2004 order granted by the trial court in *Succession of Jamie Landry Broussard*, Docket Number P-133-04, on petition by the succession representative to withdrawal a certificate of deposit registered in the name of Alvin J. Chaisson or Jamie Landry Broussard, on deposit with Jeff Davis Bank and Trust Company, and to deposit the funds in the succession's account. A judgment of possession, closing the succession, was rendered on July 13, 2005.

On October 8, 2008, in response to Mr. Chiasson's petition, the defendants filed exceptions of prescription, no right of action, and res judicata. Regarding the exception of prescription, the defendants asserted that Mr. Chiasson's "action alleges negligence and tort conduct to which [the defendants except] to on the grounds of liberative prescription of 1 year" and further that Mr. Chaisson's "action contains claims of monies allegedly owed for [to which the defendants] except on the grounds of liberative prescription of 1 year and 3 years." Regarding the exception of no right of action, the defendants asserted that Mr. Chaisson's "action contains claims of criminal conduct for [to which the defendants] except on the grounds that he has no right of action to proceed against [the defendants] in a criminal capacity and has further failed to state a civil cause of action therefor." As to res judicata, the defendants asserted that "[i]n June of 2007, [Mr. Chiasson] filed a similar claim for a return of money in the matter entitled 'Succession of Jamie Landry Broussard,' Docket No. P-133-04, 31st Judicial District Court, Jefferson Davis Parish, Louisiana, which claim was denied by Judge Ann Lennan Simon." They assert that this judgment was appealed to the Third Circuit Court of Appeal by the filing of a writ application, which was denied on September 14, 2007, and is now a final judgment. *Succession of Jamie Landry Broussard*, 07-868 (La.App. 3 Cir. 9/14/07) (unpublished writ).

Following a June 16, 2009 hearing, the trial court rendered judgment in favor of the defendants and against Mr. Chiasson, granting the exceptions of liberative prescription, no right of action, and res judicata. A formal judgment was signed on June 22, 2009, which ordered that Mr. Chaisson's petition be dismissed, with prejudice, at his cost. Mr. Chiasson, thereafter, perfected the instant appeal.[2]

---

[2] Interestingly, in a pleading filed with this court on August 5, 2018, Mr. Chiasson asserted that he did not institute this appeal, claiming that he "never filed for an appeal in these cases nor

## OPINION

### *Motion to Stay and for Remand for Additional Evidence*

On November 9, 2018, Mr. Chiasson filed a "Motion for Stay and Abeyance of Appellate Review and Remand to Take Additional Evidence" with this court, wherein he alleged the following:

> In this case, Appellant Alvin J. Chaisson (Chaisson) seeks permission to produce evidence for his meritorious illegal conversion claim which was available in the first instance, but for Appellees, Colby Garrett Broussard, Mathew Lewis Broussard, Alyssa Lauren Broussard, and trial counsel of record, Timothy Michael Cassidy, (Broussard Appellees) deliberate interference which prevented its introduction into the district court record in June 2007. The foregoing bank records shows that Appellant Chaisson sole owner [sic] of said saving account money, but for their interference with his appearance when Chaisson was a prisoner housed at the Jefferson Davis Parish Jail three floors above district court proceeding held June of 2007.

The evidence referred to by Mr. Chaisson relates to the merits of his claim for the wrongful conversion, being the bank account to which he claims ownership. However, the issues before this court, as they relate to the exceptions of prescription, no right of action, and res judicata, do not depend upon the actual validity of Mr. Chiasson's claims of ownership. Rather, the issues are whether the claim for conversion of the funds was timely filed; whether Mr. Chaissson has a right of action; and/or whether his claim had previously been adjudicated in a prior suit. Accordingly, Mr. Chiasson's motion to stay this appeal and to remand this matter to the trial court is denied.

### *Prescription*

---

was I provided proper notice of the district court's final ruling in these related cases which I am being asked to brief in the dark and requires that I be given an opportunity to examine the appeal record." However, a notice of appeal, signed by Mr. Chiasson and dated June 29, 2009, was filed with the trial court on July 7, 2009. In light of this filing, we will address the issue presented for appeal herein.

3

We first address the trial court's grant of the exception of prescription, as the affirmative resolution of this issue will render any remaining allegations of error moot.

The standard of review applied to a ruling on an exception of prescription is as follows:

> In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court's finding of fact was manifestly erroneous. *Morrison v. C.A. Guidry Produce*, 03-307 (La.App. 3 Cir. 10/1/03), 856 So.2d 1222. Further, "the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes 'against prescription and in favor of the claim that is said to be extinguished.' " *Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc.*, 94-1317, 94-1318, p. 12 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting *La. Health Serv. v. Tarver*, 635 So.2d 1090, 1098 (La.1994)).

*Hall v. Reber*, 03-1482, p. 3 (La.App. 3 Cir. 3/31/04), 870 So.2d 424, 426, *writ denied*, 04-1012 (La. 6/18/04), 876 So.2d 809.

In his brief to this court, defendant acknowledged the following (footnotes omitted):

> On September 15, 2008, Appellant Chaisson filed a petition entitled "civil tort" which was in effect an attempt to vacate the final judgment through an independent action in equity in the absence of an adequate remedy of law on the ground that the judgment was procured by fraud on the court and alleging that the Broussard defendants, Colby Garrett Broussard, Mathew Lewis Broussard, Alyssa Lauren Broussard, and their attorney of record, Timothy Michael Cassidy[,] alleging that they conspired together to illegally assumed [sic] ownership Chaisson' [sic] personal property in the amount of $32023.00 savings account which he opened at the Jeff Davis Bank in Welsh, Louisiana, and then illegally placed in the undivided succession of Jamie Landry Broussard for wrongful partition among the coheirs and co-defendants and their attorney in part In re Succession Jamie Landry Broussard, No. P-133-04, in the Thirty-First Judicial District Court in and for the Parish of Jefferson Davis.

Pursuant to La.Code Civ.P. art. 854, "[n]o technical forms of pleading are required[]" in Louisiana. However, La.Code Civ.P. art. 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter

4

of the litigation[.]" Moreover, "[a]ny reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated." *Livingston Parish Sewer Dist. No. 2 v. Millers Mut. Fire Ins. Co. of Tex.,* 99-1728, p. 5 (La.App. 1 Cir. 9/22/00), 767 So.2d 949, 952, *writ denied,* 00-2887 (La. 12/8/00), 776 So.2d 1175. All pleadings should be construed for what they really are, not for what they are erroneously designated, or as in this case, for what is omitted. *Acadiana Bank v. Hayes,* 498 So.2d 275 (La.App. 1 Cir. 1986). The "character of an action given by a plaintiff in his pleadings determines the prescription applicable to it." *Duer & Taylor v. Blanchard, Walker, O' Quin & Roberts,* 354 So.2d 192, 194 (La.1978).

Mr. Chaisson acknowledged in his motion to stay this appeal that his original claim was based on the defendants' illegal conversion of the money in his bank account "into the succession action as property of Jamie Landry Broussard." Thus, his petition sets forth a cause of action for the tort of conversion. Our supreme court set forth the law pertaining to the tort of conversion in Louisiana, as follows:

> The Civil Code itself does not identify causes of action for "conversion." However, causes of action for conversion have been inferred from the Codal articles providing that the right of ownership, possession, and enjoyment of movables are protected by actions for the recovery of the movables themselves, actions for restitution of their value, and actions for damages. La. Civ.Code arts. 511, 515, 521, 524, 526, and 2315. Consequently, the dispossessed owner of a corporeal movable may be accorded one of three actions to enforce his rights of ownership.

> The first is the revendicatory action for the recovery of a movable transferred: 1) by the owner or legal possessor to a person in bad faith, 2) for less than fair value, or 3) when the movable was lost or stolen. A.N. Yiannopoulos, Louisiana Civil Law Treatise §§ 350-51, at 680-83 (2 nd ed. 1991 & Supp.1998). The second action arises under the law of delictual obligations and exists under the theory of unjust enrichment. Yiannopoulos, Louisiana Civil Law Treatise § 356, at 689-90. Because the property at issue is destroyed and no longer in the hands of the possessors, and because Plaintiff alleges a cause of action in tort rather than one for unjust enrichment, we pretermit discussion of the first two causes of action.

The third action, relevant to the instant case, is known as a delictual action. It is available to an owner dispossessed as a result of an offense or quasi-offense or, in other words, a "tort." This action is grounded on the unlawful interference with the ownership or possession of a movable and is frequently termed an action for "conversion" in Louisiana. A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel. Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law § 1-2, at 3 (1996 & Supp.1998); *Importsales, Inc. v. Lindeman*, 231 La. 663, 92 So.2d 574 (La.1957); *see also Louisiana State Bar Assoc. v. Hinrichs*, 486 So.2d 116 (La.1986). The conversion action is predicated on the fault of the defendant and directed to the recovery of the movable or, in the alternative, the plaintiff may demand compensation.

*Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 98-343, 98-356, pp. 4-5 (La. 12/1/98), 721 So.2d 853, 856-57 (footnotes omitted).

Mr. Chaisson claimed that the defendants stole, or converted, his money to their own use. Cash is a corporeal movable. *Succession of Walker*, 533 So.2d 70 (La.App. 3 Cir. 1988), *writ denied*, 536 So.2d 1254 (La.1989).

A conversion action sounds in tort and is subject to a one-year liberative prescriptive period. See La. C.C. art. 3492; **Gallant Investments, Ltd. v. Illinois Cent. R. Co.**, 2008-1404 (La. App. 1 Cir. 2/13/09), 7 So.3d 12, 17-18. Generally, the party pleading prescription has the burden of proving the facts supporting the exception. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. **Gallant**, 7 So.3d at 19. Prescription commences upon whatever notice is enough to excite attention and put the injured party on guard or call for inquiry. **Hogg v. Chevron USA, Inc.**, 2009-2632 (La. 7/6/10), 45 So.3d 991, 997.

*Bihm v. Deca Sys., Inc.*, 16-356, pp. 15-16 (La.App. 1 Cir. 8/8/17), 226 So.3d 466, 480.

Here, Mr. Chaisson admittedly was aware of the alleged conversion of the funds. In brief, he admitted that he filed a claim for a return of the money in June 2007, in the matter entitled *Succession of Jamie Landry Broussard*, which claim was denied by Judge Ann Lennan Simon. He further acknowledged that he appealed to

6

this court via a writ application, which was denied on September 14, 2007. The suit alleging conversion was not filed until September 15, 2008. Thus, the actual incident giving rise to the claim, the seizure of the funds from the bank account, had already prescribed at the latest in June 2008. Accordingly, we find that the trial court was not manifestly erroneous in its decision to grant the exception of prescription in favor of the defendants.

Thus, we affirm the judgment of the trial court granting the exception of prescription in favor of the defendants and dismissing Mr. Chaisson's petition with prejudice. Based on this finding, we need not address the remaining exceptions granted by the trial court.

## DISPOSITION

For the foregoing reasons, we deny Mr. Chiasson's motion to stay the appeal. We further affirm the judgment of the trial court, with the costs of the appeal assessed to the plaintiff, Alvin J. Chiasson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

7