94 So.2d 7

In re PARKING SERVICE, Inc., Administration of Abandoned Automobiles.

In re Parking Service, Incorporated, applying for Writ of Review or Certiorari to the Court of Appeal, Parish of Orleans, State of Louisiana.

No. 43117.

Feb. 25, 1957.

Rehearing Denied April 1, 1957.

Clay, Coleman, Dutrey & Thomson, James J. Coleman, Louis J. Dutrey, Elwood R. Clay, New Orleans, for applicant.

Philip P. Spencer, Gaspar R. Bossetta, John N. McKay, New Orleans, for respondents.

PONDER, Justice.

We granted writs in this case in order to review the holding of the court of appeal that Articles 3224 to 3226, inclusive, of the LSA–Civil Code were not applicable under the facts in this case.

The two automobiles involved herein were a 1952 Ford and a 1954 Oldsmobile. They were seized by the Federal Bureau of Investigation and held as evidence upon the arrest of Richard Monroe Smith, who was charged with violation of the National Stolen Property Act, 18 U.S.C.A. § 2311 et seq. Smith was apprehended on May 16,

1954 and the two automobiles were stored with Parking Service, Inc. on that date by the FBI. Shortly thereafter, on the same date, assignments were executed by Smith in favor of A. G. Williams purporting to convey the cars to him. These assignments stated that the cars were in the custody of the FBI.

Williams made demand upon Parking Service, Inc. for delivery of the two automobiles to him but delivery was refused because Williams had no certificate of title and for the reason that they were being held by the FBI as evidence. On May 20, 1954, four days thereafter, a writ of attachment was issued in the Civil District Court for the Parish of Orleans at the instance of Mrs. Welch, whom Smith had swindled out of a large sum of money. By virtue of this writ, the cars were seized by the Civil Sheriff for the Parish of Orleans. They were released on February 10, 1955 to Mrs. Welch but remained in storage. No storage charges had been paid at that time. It appears that there was a compromise entered into between Williams and Mrs. Welch whereby Mrs. Welch relinquished any claim to the cars.

Thereafter, on March 23, 1955, Williams secured an order from the United States District Court releasing the cars to him but no mention was made of the charges. Williams made demand on Parking Service, Inc. for the release of the cars free of storage charges and their release was refused because of William's refusal to pay the charges. On April 5, 1955 Williams took a rule on the FBI in the Federal Court to show cause why the cars should not be delivered by FBI free of any storage charges. This rule was denied by the judge of the Federal Court.

Parking Service, Inc. requested the Public Administrator for the Parish of Orleans to bring the present proceedings pursuant to the provisions of LSA–R.S. 32:524.

The Public Administrator in the present proceedings petitioned the court for permission to advertise and sell the cars. Parking Service, Inc. intervened asserting a lien for $1,614.40 under Arts. 3224, 3225, and 3226 of the LSA–Civil Code and LSA–R.S. 32:521–32:524 and asked for attorney's fees in the sum of $500. The court ordered the sale of the cars and on the date of the sale Williams filed a petition of intervention alleging that he was the owner under the assignments from Smith. The sale was enjoined and, after a hearing, the district court recognized Williams as the owner and recognized that there was due the Public Administrator the statutory amount of his commission and costs and further recognized Parking Service, Inc. as having a lien on the cars for storage charges in the amount of $635.96. Accordingly, the court ordered the sale of the cars at public auction by the Civil Sheriff for the Parish

of Orleans, the Public Administrator to be paid first out of the proceeds, the lien of Parking Service, Inc. to be then satisfied and the balance to be paid to Williams after deducting all costs of court. From this judgment, Williams appealed except insofar as it recognized his ownership of the two vehicles. Parking Service, Inc. answered the appeal praying that the amount of its lien be increased to $1,614.40 plus whatever storage charges may accrue during the pendency of the suit. After hearing, the court of appeal affirmed that part of the judgment recognizing Williams as owner but amended the judgment so as to order delivery of the automobiles to Williams free and clear of any storage charges or liens and as thus amended the judgment was affirmed.

In the application for writs on behalf of Parking Service, Inc. filed in this Court, it is contended that the court erred in holding that no lien existed in favor of Parking Service, Inc. for storage charges and that in effect the judgment of the court of appeal writes out the the provisions of Articles 3224, 3225 and 3226 and LSA–R.S. 32:521–32:524. Relator contends that it was error for the court of appeal to conclude that the contract made by the FBI with Parking Service, Inc. was similar to a contract made by an unauthorized person and that the provisions of LSA–R.S. 32:524 did not apply because the owner was not unknown.

The court of appeal erroneously concluded that Articles 3224, 3225 and 3226 did not apply to the case at bar. The cars in question were seized by the FBI, subsequently attached in a civil proceeding, and stored with Parking Service, Inc. We cannot agree with the court of appeal in its conclusion that there was no authority on the part of the FBI to store the cars taken by them as evidence at the expense of the owner and without his consent thereto. Moreover, the cars were seized by Mrs. Welch in a civil proceeding and released to her subject to the storage charges. Mrs. Welch relinquished her claim against the cars under a compromise with Williams. Under such circumstances, Williams would be liable for any storage charges. Moreover, Williams was unsuccessful in his effort to get a release of the cars free of storage charges in Federal Court.

It is provided in Articles 3224, 3225 and 3226 of the LSA–Civil Code as follows:

Article 3224. "He who, having in his possession the property of another, whether in deposit or on loan or otherwise, has been obliged to incur any expense for its preservation, acquires on this property two species of rights."

Article 3225. "Against the owner of the thing, his right is in the nature of that of pledge, by virtue of which he

may retain the thing until the expenses, which he has incurred, are repaid.

"He possesses this qualified right of pledge, even against the creditors of the owner, if they seek to have the thing sold. He may refuse to restore it, unless they either refund his advance, or give him security that the thing shall fetch a sufficient price for that purpose."

Article 3226. "Finally, he who has incurred these expenses has a privilege against these same creditors, by virtue of which he has preference over them out of the price of the thing sold, for the amount of such necessary charges as he shall have incurred for its preservation. This is the privilege in question in the present paragraph."

After a careful review of the evidence in this case, we have arrived at the conclusion that the district judge was correct in holding that the above quoted articles of the LSA–Civil Code and LSA–R.S. 32:521–32:524 are controlling of the issues herein presented.

For the reasons assigned, the judgment of the court of appeal is reversed and set. aside. The judgment of the district court is reinstated and affirmed at appellant's cost.