LOTTINGER, Judge.
This is a suit for damages for the wrongful detention of a logging truck belonging to the plaintiff. The Trial Court found in favor of the defendants and rejected the demands of the plaintiff. From this judgment the plaintiff has appealed.
The defendant-appellees, Ralph and Jenny Bills, are the owners and operators of a truck stop and cafe and also operate a wrecker service, under the name of Jenny and Shorty’s. On November 19, 1966, the desk sergeant on duty at Troop “A” Headquarters, Louisiana State Police, called the defendant-appellees and requested that they send a wrecker to remove an overturned log truck. The logging truck in question belonged to the plaintiff, Marshall Hopper, and had overturned off of the shoulder of the highway when the driver thereof swerved to miss another vehicle. The overturned truck was located anywhere from four to thirteen feet from the blacktop portion of the highway and was approximately three miles south of the East Feliciana Parish line of the Parish of East Baton Rouge.
Upon arrival at the scene of the overturned truck, it was necessary that the defendant request the aid of a larger wrecker so that the overturned vehicle could be righted in order that it be removed from the scene. From the scene of the accident it was hauled to the defendant’s truck stop. On approximately December 1, 1966, plaintiff-appellant made inquiries of Mr. Bills relative to the release of his logging truck. Mr. Bills informed the plaintiff that he would be happy to release the truck upon payment of the towing charges plus any storage charges which had accrued to that date. On January 4, 1967, the plaintiff caused a Writ of Judicial Sequestration to be issued.in conjunction with the instant proceeding, and under the writ was made custodian of the vehicle. He subsequently amended his original petition to pray for additional damages.
*771 The plaintiff contends that the defendants unlawfully and illegally held his truck and in so doing committed the tort of conversion. In support of his contention the plaintiff has cited the case of Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957) for the proposition that if after demand has been made upon the individual who has possession of the merchandise, he wrongfully refuses to return the merchandise to the owner, such refusal constitutes a tortious conversion even though the original possession was lawful.
In the case at bar the Louisiana Department of Public Safety acting through a desk sergeant at Troop “A” Headquarters requested that the defendants pick up and remove a certain vehicle which was wrecked. This the defendants did.
Although under R.S. 32:2 and 32:3, the Department of Highways and the Department of Public Safety have the authority to regulate and control traffic on the highways, no regulations have been enacted by them thereunder authorizing the state police to remove vehicles from the highway in a situation such as this. Neither is such authority granted by R.S. 32:141 and 32:142, or R.S. 48:342, 48:347.
However, it cannot be denied that the custom of removing vehicles from the highways and the roadways of the state in such a situation as this is not unusual. Although the State Police exceeded its authority in this case, it cannot be denied that the defendants herein acted in good faith.
We find that the defendants received a deposit of the truck from one who had the apparent authority to make it.
As to whether the overturned truck was four feet or thirteen feet from the blacktop portion of the highway is of no moment. The defendants are in the wrecker service business and are called by the state police quite often to remove wrecked vehicles which are impairing the normal flow of traffic. They did not pick up this truck at the request of a complete stranger, but from one who had the apparent legal authority to remove same. Therefore, we must conclude there was nothing wrong in the manner in which the defendants obtained possession of this truck.
Of course, it would be the contention of the plaintiff under the theory of Import-sales, Inc. v. Lindeman, supra, that even though the original possession was lawful, the defendants’ refusal to return the truck to its rightful owner constituted a conversion.
In the case at bar, was the refusal of the defendants to return the truck to Mr. Hopper until he had paid the wrecker service and storage charges a conversion? We must answer that it was not.
The Louisiana Civil Code in Article 3224 very expressly provides:
“He who, having in his possession the property of another, whether in deposit or on loan or otherwise, has been obliged to incur any expense for its preservation, acquires on this property two species of rights.” (Emphasis added).
The “two species of rights” are spelled out in Article 3225, to-wit:
A gainst the owner of the thing, his right is in the nature of that of pledge, by virtue of which he may retain the thing until the expenses, which he has incurred, are repaid.” (Emphasis added).
“He * * * purpose.”
Mr. Bills, the defendant, had in his possession the property of another, Mr. Hopper, the plaintiff. The defendant did incur expense for the preservation of this logging truck i. e., wrecker service and storage. The defendant had the right to retain possession of .the logging truck until the expenses were repaid. See In re Parking Service, Inc., 232 La. 133, 94 So.2d 7 (1957). Therefore, since the Louisiana Civil Code granted the defendants the right to retain the truck until their ex *772 penses were repaid, there can be no unlawful detention or conversion on their part.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
Judgment affirmed.