| iBARRY, Judge.
The defendants were indicted for a first degree murder which occurred during perpetration of an armed robbery. The trial court granted in part a defense motion to suppress as to evidence which had been seized (pursuant to a warrant) from a car parked in the driveway of the residence described in the warrant. The State seeks a review of that ruling. We grant the application to determine whether the evidence should be suppressed.
Det. Claude Flot and Sgt. Steve Gaudet testified they were investigating a string of armed robberies by several subjects using various vehicles. One victim died. During the investigation Nelson Tippen was arrested and he gave an inculpatory statement. Based on Tippen’s statement, Sgt. Gaudet (as affiant) obtained a search warrant for 6526 Baceich, the residence of Tippen’s co-defendant Charles Nicholson. “Vehicle” had been crossed out on the warrant. According to Det. Flot’s return on the warrant and Sgt. Gaudet’s testimony, a set of keys including one with a Toyota tag was found on the kitchen counter inside the house. The detectives observed a blue Toyota Tercel La. # 216N935 Rparked in the driveway of the residence. The detectives traced the license plate and discovered the car was stolen. According to Sgt. Gaudet, the Toyota matched the description of the car used during several of the robberies under investigation. The officers searched the car and discovered additional evidence.
The trial court focused on the fact that “vehicle” was crossed out on the warrant application, discounted the State’s argument that the stolen vehicle (which was towed) could have been subjected to an inventory search and its inevitable discovery argument, and suppressed the items seized from the Toyota Tercel. The State argues that the car in the driveway was part of the premises under the warrant, but the detectives had deleted “vehicle.” The State persuasively argues that Nicholson had no reasonable expectation of privacy in the stolen car parked in his driveway in full view.
To establish á violation of a person’s right under the Louisiana and United States Constitutions to be free from unreasonable searches and seizures, the defendant *1282 must show that he had a legitimate expectation of privacy in the area searched.
Whether a defendant has a constitutionally protected expectation of privacy involves a two part inquiry. A defendant must first show that he has a reasonable expectation of privacy in the area searched for the items seized. Second, a defendant must also show that society is prepared to accept the expectation of privacy as objectively reasonable, (citations omitted)
State v. McKinney, 93-1425 (La.App. 4 Cir. 5/17/94), 637 So.2d 1120, 1125-26.
The Louisiana Supreme Court has held that the occupant of a vehicle which he knows is stolen does not have a reasonable expectation of privacy in that vehicle. State v. Rivers, 420 So.2d 1128 (La.1982). The defendant Nicholson did not have a reasonable expectation of privacy in the stolen Toyota Tercel parked in the driveway of his residence.
| .-¡The trial court’s suppression of the evidence seized from the car is reversed.

REVERSED.