807 So.2d 1042 (2002)
STATE of Louisiana
v.
James RISIN.
No. 2002-K-0100.
Court of Appeal of Louisiana, Fourth Circuit.
January 22, 2002.
Harry F. Connick, District Attorney, Burl Mahl, Assistant District Attorney, New Orleans, LA, Counsel for Relator.
Court Composed of Chief Judge WILLIAM H. BYRNES III, Judge JAMES F. McKAY III, Judge MAX N. TOBIAS, JR.
MAX N. TOBIAS, JR., Judge.
The relator, State of Louisiana, asserts the trial court erred, following a probable cause and suppression hearing, in finding insufficient probable cause for the charge of possession of crack cocaine and by suppressing statements given by the defendant, James C. Risin, and the evidence seized.
The record before us discloses that Detective Fred Fath and Officer Jeffrey Vappie were on patrol when they observed a blue 1996 Dodge Caravan commit a traffic violation at the corner of Gibson and Senate Streets. They checked the license plate on their on-board computer to ascertain if there were any problems with the vehicle; the check disclosed that the vehicle had been stolen approximately one *1043 hour earlier. Although the driver of the Dodge tried to ignore the attempts to stop it, the officers succeeded in stopping the vehicle on Interstate 610. Upon exiting their patrol vehicle and opening the door of the Dodge, the officers smelled a strong odor of marijuana smoke. They arrested Mr. Risin for possession of a stolen vehicle, unauthorized use of the vehicle, and for the traffic offenses; the three occupants of the van were handcuffed. Detective Fath then mirandized Mr. Risin. Officer Vappie then searched the van for weapons and found two pieces of crack cocaine in the driver's side armrest. Officer Vappie again mirandized Mr. Risin, who stated following the warning that the cocaine belonged to him and not to the other two passengers of the van, and that he had acquired the van from a person named "Black Joe" for "something like" $135.00.
No one disputes the legality of the initial stop of the vehicle. The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053. Upon executing a lawful stop, the officers smelled the odor of marijuana smoke. In State v. Coleman, 412 So.2d 532, 535, n. 4 (La.1982), the Supreme Court recognized that detecting marijuana by means of smell does not constitute a search. Thus, no reasonable expectation of privacy exists from lawfully positioned officers with inquisitive nostrils.
Further, the constitutional requirement for a warrant to search private property does not apply to stolen property. State v. Nicholson, 95-2526 (La.App. 4 Cir. 2/15/96), 669 So.2d 1280; State v. Rivers, 420 So.2d 1128 (La.1982). The warrantless search was therefore legal, and any evidence seized as a result should not be suppressed on that ground alone. The presence of the odor of marijuana emanating from a stolen vehicle lawfully stopped is sufficient grounds to search the vehicle because one has no expectation of privacy in such circumstances. State v. Reynaga, 93-1520 (La.App. 3 Cir. 10/5/94), 643 So.2d 431. That the officers searched the vehicle and found cocaine, instead of marijuana, is of no moment for the officers were entitled to look for contraband. In this case, the present record discloses no evidence of anything other than a good faith search.
From these facts, we find that the trial court erred as a matter of law in finding no probable cause existed for the search resulting in Mr. Risin being charged with possession of cocaine. Further, the trial court erred in suppressing both his statements and the evidence seized.
For these reasons, we reverse the trial court. We reinstate the charge of possession of cocaine and overrule the motions to suppress the statements and the evidence. We remand this matter to the trial court for further proceedings.
SUPERVISORY WRIT GRANTED; JUDGMENT REVERSED; REMANDED.