GREMILLION, Judge.
11 Henry Dupre and Dupre & Son Floor Covering, Inc. (Dupre), appeal the judgment rendered in favor of the Town of Iota (Iota)[2], dismissing their demands in tort. We affirm for the reasons that follow.
FACTS
On December 27, 2006, Eric Atchison was pulled over by Reserve Officer Christopher Short of the City of Iota Police Department for running a stop sign in front of the Iota police station. Officer Short and a fellow officer, Michael Miller, determined that Atchison was uninsured *1119 and driving under suspension. Officer Miller contacted the dispatcher of the Acadia Parish Sheriffs office and was able to determine that there was no record of Atchison being insured. One of Atchison’s relatives attempted to have a youngster remove Atchison’s vehicle, but the youngster was unable to produce a valid driver’s license. Miller took possession of Atchi-son’s license plate and issued a three-day temporary sticker, also known as a “green sticker.” Atchison received several citations and phoned a friend, who drove his 1993 Chevrolet Silverado pickup from the scene after producing a valid driver’s license.
On January 5, 2007, Atchison, operating the same truck, crossed the center line of Louisiana Highway 755 and collided with the Ford Expedition operated by Dupre. As a result of the collision, Dupre alleges he was injured. Atchison was killed in the collision.
Dupre filed suit against Iota and Atchi-son’s unopened succession. He alleged the town’s fault arose from the failure to impound Atchison’s vehicle, in violation of La. R.S. 32:863.1. Iota answered, alleging that the failure to impound Atchison’s vehicle was not a cause-in-faet of Dupre’s loss.
| {¡Following discovery, Iota filed a motion for summary judgment in which it asserted that La. R.S. 32:863.1(0 grants discretion to the officer to seize the vehicle’s license plate and allow the uninsured motorist to remove his vehicle under certain circumstances such as the driver’s handicap, or the location or time of the stop. Therefore, Iota contended, the officers and town were immune pursuant to La. R.S. 9:2798.1, which immunizes public entities and their officers or employees from liability arising from the exercise of policymak-ing or discretionary functions, except when those functions are not reasonably related to a legitimate governmental objective or to criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct. Further, Iota argued, even if the statute allows no discretion, the failure of the officers to impound the vehicle was not a cause-in-fact of the accident, as Atchison could just as easily have been driving another vehicle.
Dupre responded that La. R.S. 9:2798.1 does not apply because the statute prescribes narrow exceptions to the mandate that vehicles be impounded. Absent the immunity granted by section 2798.1, Iota’s conduct must be judged under the duty-risk analysis applicable to all tort actions. The duty of Iota, Dupre argues, is to impound the vehicle to prevent uninsured motorists from posing a threat to the general public. In failing to impound the vehicle, Iota breached that duty. If the harm encountered by Dupre was within the protection of section 863.1, cause-in-fact is established.
Iota’s motion for summary judgment was heard on April 6, 2009. Oral reasons for judgment in favor of Iota were then given. The trial court found that section 863.1 does allow discretion on the part of the police officer. Further, cause-in-fact was not established because removing the vehicle from the roads did not remove Atchison Isfrom the roads. Lastly, the nature of the section is punitive. Therefore, the trial court found Dupre did not fall within the scope of the protection of the duty imposed by the statute.
ANALYSIS
Any review of summary judgments begins with the proposition that they are subject to de novo review. Schroeder v. Bd. of Sup’rs. of La. State Univ., 591 So.2d 342 (La.1991). That is, the court of appeal reviews summary judgments by the same standards as does the trial court. Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966, as *1120 amended by Act 483 of 1997, provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential facts of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La.Code Civ.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606.
We need not determine that Iota is immune and that Iota negated one or more of the essential elements of tort; for Iota to prevail, we need only find that it is immune or that the essential elements of tort have been negated. We choose to focus our attention on the tort elements of Dupre’s claim.
|4The Louisiana Supreme Court has provided the analytical framework for actions such as this:
[I]n order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).
Rando v. Anco Insulations, Inc., 08-1163, 08-1169, pp. 26-7 (La.5/22/09), 16 So.3d 1065, 1086.
Whether a duty is owed is a legal question. Id. The supreme court has stated that the inquiry initially asks whether the plaintiff can cite any law, either legislative or jurisprudential, to support his claim that the defendant owed him a duty. Id. Here, Dupre cites La. R.S. 32:863.1 in support of his claim. The law recognizes that Iota has a duty to impound vehicles that do not contain one of four prescribed documents demonstrating liability insurance, bonding, or qualified self-insurance. La. R.S. 32:861.
Officers Miller and Short did not impound the vehicle. Therefore, a breach of the duty to impound was demonstrated by Dupre.
Cause-in-fact is, by definition, a question of fact. To determine whether cause-in-fact is established, courts ask whether a defendant’s conduct was a substantial factor generating plaintiffs harm. Rando, 16 So.3d 1065. There can be more than one cause-in-fact of an accident, as long as each bears a proximate relation to the harm and each is substantial in nature. Id.
In the present matter, Officers Short and Miller seized the license plate, issued |Ba green sticker, and refused to allow Atchison to remove the vehicle from the scene of the stop. They further refused to allow the vehicle to be released to just anyone, but required a seemingly responsible adult to remove the vehicle from the scene. They were not authorized by La. R.S. 32:863.1 to prevent Atchison from, at some future point, operating a motor vehicle. They did prevent him from operating the vehicle at that point. Additional *1121 ly, they advised Atchison that he was obligated to obtain insurance within three days. The accident occurred nine days after the stop, during which time Atchison had ample opportunity to get the vehicle insured. Lastly, it was not the vehicle that posed the danger to Dupre; it was the driver. Given these circumstances, we find that it was not reasonably foreseeable that Atchison would cross the center line of the highway and strike Dupre. In that regard, Atchison’s negligence is an intervening cause that superceded any breach of duty by Iota. See Adams v. Rhodia, Inc., 07-2110 (La.5/21/08), 983 So.2d 798. We agree with the trial court that the failure to impound the vehicle was not a substantial factor in the accident.
Further, and assuming arguen-do that the breach of duty was a cause-in-fact of the accident, we find that it would not represent the legal cause of the accident. Legal cause determinations are not matters of fact, but of law. Rando, 16 So.3d 1065. Whether a defendant’s conduct constitutes the legal cause of injury results from inquiring into whether the injury was foreseeable and whether there is a natural ease of association between the conduct and the harm. Id. For the reasons we enunciated above, regarding the nature of Atchison’s fault as an intervening cause, and the discussion regarding foreseeability in that context, the omission of the officers to impound Atchison’s vehicle was not the legal cause of Dupre’s harm.
|,¡CONCLUSION
The fact that Atchison was not insured was not a necessary antecedent of Dupre’s accident. It was the fact that he was operating a vehicle at all. The failure to impound his truck is too far removed from the scope of Iota’s duty to constitute a substantial factor in bringing about the accident, and is neither reasonably foreseeable nor easily associated with Dupre’s harm. The judgment of the trial court is affirmed. Costs of this appeal are taxed to Plaintiffs/Appellants, Henry Dupre and Dupre & Son Floor Covering, Inc.
AFFIRMED.
GENOVESE, J., concurs in the result.
CHATELAIN, J., concurs in the result and assigns written reasons.

. Plaintiffs named the "City of Iota" as defendant. Iota answered as the “Town of Iota.”