# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 12-1349


**KEVIN W. JONES, SR.**

**VERSUS**

**TOWN OF WOODWORTH, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 240,270
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


**REVERSED.**



**Edward Larvadain, Jr.**
**Attorney at Law**
**626 Eighth Street**
**Alexandria, Louisiana 71301**
**(318) 445-6717**
**Counsel for Plaintiff/Appellant:**
        **Kevin W. Jones, Sr.**

**Randall B. Keiser**
**D. Heath Trahan**
**Keiser Law Firm**
**Post Office Box 12358**
**Alexandria, Louisiana  71315-2394**
**(318) 443-6168**
**Counsel for Defendants/Appellees:**
    **Town of Woodworth**
    **David Sikes**

**KEATY, Judge.**

Plaintiff, Kevin Jones, Sr., appeals from the trial court's judgment granting summary judgment in favor of Defendants, the Town of Woodworth (the Town) and Officer David Sikes. For the following reasons, the trial court's judgment is reversed.

## FACTS AND PROCEDURAL BACKGROUND

On December 18, 2009, Jones was traveling north on U.S. Highway 165 when he stopped at a convenience store located in Woodworth, Louisiana. Officer Sikes, who was parked across from the convenience store, ran a license plate check on Jones' vehicle. The license plate check revealed that the driver's license registered to the license plate was suspended. After Jones re-entered U.S. Highway 165, Officer Sikes followed him and subsequently pulled him over for suspicion that Jones was driving with a suspended license. Officer Sikes thereafter issued four tickets to Jones for: (1) driving under suspension; (2) unlawful use of a driver's license; (3) no insurance; and (4) improper muffler/dual pipes.

According to the petition for damages, Officer Sikes told Jones that his vehicle was going to be towed and that he would have to post a cash bond in the total amount of the four tickets to get the hold on his vehicle released. Thereafter, the towing company would return Jones' vehicle to him after he paid the towing charge and accrued storage fees. Jones explained to Officer Sikes that he worked out of his vehicle for his job with a tire repair service, and he objected to having his vehicle towed because his brother was less than three miles away and available to retrieve Jones' vehicle. Despite Jones' request, Officer Sikes had Jones' vehicle towed from the scene. The tickets totaled in excess of $1,000. Jones was not able

to afford that amount or the towing charge and accumulated storage fees. As a result, he lost his job, his vehicle, and his ability to provide for his family.

Jones subsequently filed suit against the Town and Officer Sikes alleging that he was stopped without probable cause for the purpose of generating funds for the Town. After the Town and Officer Sikes deposed Jones, Defendants filed a motion for summary judgment. The trial court granted summary judgment in favor of Defendants.

Jones appealed the trial court's judgment and asserted for the first time that he was seeking recovery for a violation of his Fourth Amendment rights under the United States Constitution. Defendants removed this case to the United States District Court for the Western District of Louisiana, and Jones moved for remand. The magistrate judge held that Jones did not plead a federal claim in his state court petition and had not yet technically asserted a federal claim at the time of the removal because the reference to a federal recovery did not come in the form of an amended complaint. The federal district judge adopted the magistrate's report and recommendation, and this case was remanded back to this court.

## DISCUSSION

On appeal, Jones contends: (1) the trial court erred in ruling that the acts of Officer Sikes, who acted without probable cause or reasonable suspicion, did not violate the constitutions of the United States and Louisiana which prohibit unlawful search and seizure; (2) the trial court erred in ruling that Jones, passing through the Town, observing the laws of the town as he passed through, did not have a reasonable expectation of privacy on his license plate; and (3) the trial court erred in granting summary judgment because there were genuine issues as to material facts.

"Summary judgments are reviewed *de novo* on appeal, with the reviewing court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Louisiana Safety Ass'n of Timbermen Self-Insurers Fund v. Louisiana Ins. Guar. Ass'n*, 09-23, p. 5 (La. 6/26/09), 17 So.3d 350, 353 (citing *Power Mktg. Direct, Inc. v. Foster*, 05-2023 (La. 9/6/06), 938 So.2d 662).

### *Expectation of Privacy*

In support of his first assignment of error, Jones contends that his constitutional rights were violated when Officer Sikes, without probable cause or reasonable suspicion, randomly ran Jones' license plate to find violations against him in order to generate funds for the Town. In support of his second assignment of error, Jones contends that he had a subjective expectation of privacy on his license plate such that Officer Sikes' random run of his license plate numbers was an unwarranted intrusion into his privacy.

In opposition, Defendants contend that federal and state courts have held that police officers may run a search on a license plate without implicating constitutional protections. Defendants allege that police officers do not need either reasonable suspicion or probable cause to run a license plate check. Defendants contend that the information police officers gather from those license plate checks can provide them with the reasonable suspicion necessary to make a traffic stop during which they can confirm or dispel their suspicions.

Upon review, we must first determine whether Jones had an expectation of privacy in his license plate before we decide whether Officer Sikes needed probable cause or reasonable suspicion to randomly run Jones' license plate. In

that regard, both the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution protect against unreasonable searches and seizures. These constitutional provisions, however, apply only if an individual invoking their protection can prove that the government has infringed upon a legitimate expectation of privacy. *Smith v. Maryland*, 442 U.S. 735, 99 S.Ct. 2577 (1979). "Federal and state constitutional protections against unreasonable searches exist only when an individual has an actual expectation of privacy that society is prepared to recognize as reasonable." *State v. Skinner*, 08-2522, p. 6 (La. 5/5/09), 10 So.3d 1212, 1215-16. Absent a legitimate expectation of privacy, there can be no "search" subject to the warrant requirement. *Illinois v. Andreas*, 463 U.S. 765, 771, 103 S.Ct. 3319, 3324 (1983). Thus, a person has a legitimate expectation of privacy when two requirements are met. *State v. Ragsdale*, 381 So.2d 492 (La.1980). First, the person must have a "subjective expectation of privacy" in the place searched or item seized. *Id.* at 497. Second, the expectation of privacy must be one which "society . . . is prepared to recognize as being reasonable." *Id.*

Jones argues that he has a subjective expectation of privacy in his license plate. He has offered no legal authority, however, showing that society would recognize an expectation of privacy in an automobile's license plate number. To the contrary, a survey of federal and state cases addressing this issue have concluded that a license plate is an object which is constantly exposed to public view and in which a person, thus, has no reasonable expectation of privacy, and that consequently, conducting a random license plate check is legal.

For example, the United States Supreme Court has held that an individual does not have a reasonable expectation of privacy in an automobile's vehicle

4

identification number. *New York v. Class*, 475 U.S. 106, 106 S.Ct. 960 (1986).[1] Other jurisdictions have extended this holding and determined that a law enforcement officer can randomly check license plate numbers without intruding on a defendant's privacy rights. *See State v. Myrick*, 282 N.J. Super. 285, 659 A.2d 976 (Law Div. 1995); *see also United States v. Walraven*, 892 F.2d 972 (10th Cir. 1989). In *State v. Bjerke*, 697 A.2d 1069, 1073 (R.I. 1997), the court held that a computer check of the defendant's license plate was not a Fourth Amendment "search" because license "plates and the information behind them are within the control and custody of the state through the Registry of Motor Vehicles." The court in *Bjerke* further held that "there can be no expectation of privacy in one's license plate when it hangs from the front and the rear of one's vehicle for all the world to see." *Id*.

Additionally, the Fifth Circuit has put the matter plainly by holding that "[a] motorist has no privacy interest in her license plate number." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 529 (5th Cir. 1999). The Louisiana Fourth Circuit Court of Appeal has further held that a criminal defendant has no expectation of privacy in a license plate on a stolen vehicle parked in his driveway in plain view of the public. *State v. Nicholson*, 95-2526 (La.App. 4 Cir. 2/15/96), 669 So.2d 1280.

We agree with the reasoning of the foregoing decisions in that an individual has no privacy interest in his or her license plate, and that a random license plate check does not constitute a search or seizure within the meaning of the Fourth

---

[1] The references to federal law herein are made because federal jurisprudence interpreting the federal constitution are persuasive authority to interpreting our own constitution. *See State v. White*, 321 So.2d 491 (La.1975).

Amendment and the Louisiana Constitution. Accordingly, the trial court's judgment is affirmed in this regard.

### *Probable Cause and/or Reasonable Suspicion*

As discussed above, Jones contends that his constitutional rights were violated when Officer Sikes, without probable cause or reasonable suspicion, randomly ran Jones' license plate. Jones assumes that a police officer needs some level of suspicion before he can legally run a check on a license plate number on a vehicle in a public location. As discussed above and because Jones has no expectation of privacy in his license plate number, Officer Sikes could legally run a search on the license plate number without a reasonable suspicion or probable cause that Jones was committing a crime. Thus, the trial court's judgment is affirmed in this regard.

### *Genuine Issue of Material Facts*

Jones argues that the Town and Officer Sikes gathered evidence from him illegally, i.e., stopped him without probable cause for the purpose of finding violations for which he could be ticketed to generate funds for the Town. In his petition, Jones alleged that Officer Sikes chose to have Jones' vehicle towed despite Jones' request that his brother, who was nearby, be allowed to retrieve the vehicle because Jones needed the vehicle in connection with his employment. Jones further alleged that because he was unable to afford to pay the tickets or the towing fee and accrued storage fees, he lost his vehicle and his job and was unable to provide for his family.

In its motion for summary judgment, Defendants cited *Hopper v. Bills*, 232 So.2d 296 (La.1970), in support of its assertion that Officer Sikes was vested with the authority to have Jones' vehicle towed.

In *Hopper*, a State Police desk sergeant called a wrecker service to remove a log truck and trailer that was overturned in a ditch. The plaintiff, the truck's owner, later filed suit against the wrecker service seeking damages for what he alleged was the illegal seizure and wrongful detention of his truck and trailer. The trial court found in favor of the defendant, the court of appeal affirmed, and the supreme court granted certiorari. *See Hopper v. Bills*, 220 So.2d 769 (La.App. 1 Cir.), *writ issued*, 223 So.2d 408 (La.1969). The evidence showed that the overturned truck was located between four and thirteen feet from the blacktopped portion of the roadway on a Saturday afternoon, a time of heavy travel, and that it "was a source of curiosity for passing motorists," which caused vehicular slowing and traffic congestion in the area. *Hopper*, 232 So.2d at 299. The evidence further disclosed that the plaintiff was not present when the accident was investigated and there were no license plates on the truck. In affirming the court of appeal, the supreme court held that the State Trooper "did not abuse his discretion in making a judgment to have plaintiff's vehicle removed from the ditch and towed away." *Id.* The supreme court rejected, however, the notion that the State Trooper's actions were authorized because of custom. Instead, the supreme court looked to the facts and circumstances surrounding the towing of plaintiff's truck and determined that "the State Trooper acted with immediate speed in order to eliminate what he thought was a public hazard." *Id.* at 300.

In the instant case, Defendants did not present any evidence to dispute Jones' assertion that his brother was available to pick up his vehicle in lieu of it being towed. In addition, the record fails to disclose any facts regarding the location of Jones' vehicle when Officer Sikes pulled him over and what effect, if any, Jones' stopped vehicle had on the flow of traffic and/or the safety of the

motoring public.  More specifically, Officer Sikes' affidavit is silent regarding his decision to have Jones' vehicle towed.  Thus, genuine issues of material fact exist precluding summary judgment.

## DECREE

For the forgoing reasons, the judgment of the trial court is reversed.  All costs of this appeal are assessed against the Town of Woodworth and Officer David Sikes.

**REVERSED.**