.

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-568

KEVIN W. JONES, SR.

VERSUS

TOWN OF WOODWORTH AND DAVID SIKES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 240270
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

**AFFIRMED. PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION DENIED.**

**Edward Larvadain, Jr.**
**Edward Larvadain, Jr. Law Office**
**626 Eighth Street**
**Alexandria, Louisiana 71301**
**(318) 445-6717**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Kevin W. Jones, Sr.**

**Randall B. Keiser, PLC (A.C.)**
**Matthew L. Nowlin**
**Faircloth, Melton & Keiser, LLC**
**105 Yorktown Drive**
**Alexandria, Louisiana 71303**
**(318) 619-7755**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Town of Woodworth**
    **David Sikes**

**CONERY, Judge.**

In response to an order from this court, plaintiff, Kevin W. Jones, Jr., was required to file an amended appeal brief. In response to the amended appeal brief, the Town of Woodworth and Officer David Sikes (Defendants) then filed a Peremptory Exception of No Cause of Action seeking to dismiss the remaining issues on appeal, the alleged wrongful towing claim and attendant damages. For the following reasons, we deny the Defendants' Peremptory Exception of No Cause of Action and affirm the trial court's judgment granting the Defendants' Motion for Involuntary Dismissal with prejudice of all Mr. Jones' remaining claims and demands against the Defendants at his cost.

## FACTS AND PROCEDURAL HISTORY

In December 2009, Kevin Jones was travelling in his vehicle through the Town of Woodworth when he stopped at a convenience store. Officer Sikes, working for the Town's police department, decided to run a random license plate check on the vehicle and learned that its owner, Kevin Jones, had a suspended driver's license. Mr. Jones then drove his vehicle from the store's parking lot onto Highway 165 northbound. Officer Sikes at first passed up Mr. Jones' vehicle, and upon making an identification of Mr. Jones based on the driver's license photo he had as a result of the license check he had just run, Officer Sikes stopped Mr. Jones' vehicle on the northbound shoulder of Highway 165 just inside the city limits of the Town of Woodworth. At the time of the traffic stop, Mr. Jones' vehicle was parked just two feet off the fog-line, with Officer Sikes' patrol vehicle parked several feet behind with the emergency flashers on.

Upon confirming that the driver of the vehicle was in fact Kevin Jones and that Mr. Jones' license had been suspended, Officer Sikes issued a citation to Mr.

Jones for driving with a suspended license, unlawful use of a driver's license, no proof of insurance, and improper muffler/duel pipes. Mr. Jones was prevented from driving his vehicle from the scene due to his license suspension and no proof of insurance. Officer Sikes indicated on the tickets that traffic on the roadway was "MEDIUM." Two passengers in the vehicle were also prohibited from driving as neither possessed a valid driver's license. Because none of the occupants were legally able to drive the Jones vehicle from the scene of the traffic stop, Officer Sikes called a tow truck operator pursuant to state law,[1] and the Jones vehicle was towed by a neutral third-party towing company. Because Mr. Jones was insistent on calling his brother and objected to his vehicle being towed by anyone, we find that there was substantial compliance with La.R.S. 32:135(A).[2]

Mr. Jones filed a civil suit against the Town of Woodworth and Officer Sikes claiming that the initial license plate check on his vehicle while it was properly parked at a convenience store was an unconstitutional search and an unconstitutional invasion of his privacy rights. Further, after the stop, Mr. Jones claimed that Officer Sikes should have allowed Mr. Jones' brother, who lived several miles away in Alexandria, Louisiana, to come to the scene and take

---

[1] Though not discussed by Defendants, La.R.S. 32:863.1(C)(1)(a) requires the vehicle to be towed where there is no proof of insurance and provides, in pertinent part, "If the operator of a motor vehicle is unable to show compliance with the provisions of this Part by displaying the required document when requested to do so, the motor vehicle shall be impounded[.]"

[2] Louisiana Revised Statute 32:1735(A) provides:

> A. When a law enforcement officer determines that a motor vehicle must be towed, the law enforcement officer shall give the owner or operator of the motor vehicle the option to select a licensed towing company to tow his vehicle. If the owner or operator of the motor vehicle is unable to select a licensed towing company, chooses not to select a particular licensed towing company, or an emergency situation requires the immediate removal of the vehicle, the next available licensed towing company on the approved law enforcement rotation list shall be called by the law enforcement officer to tow the vehicle.

2

possession of the Jones' vehicle, instead of having the vehicle towed. He claimed damages for wrongful seizure and towing of his vehicle.

The Defendants had initially filed a Motion for Summary Judgment, which the trial court had granted, finding that the random license plate check while Mr. Jones was parked at the convenience store was permissible. The trial court ruled that Mr. Jones was properly cited for driving without a valid driver's license, and his vehicle was properly towed. An initial appeal in this case was heard by a panel of this court in *Jones v. Town of Woodworth*, 12-1349 (La.App. 3 Cir. 12/26/13), 132 So.3d 422 (*Jones* I). The issue decided was whether an individual has a legitimate privacy interest in his or her license plate such that a random license plate check constitutes an unconstitutional search or seizure within the meaning of the Fourth Amendment and the Louisiana Constitution Article 1,§ 5.

The *Jones* I panel affirmed the Summary Judgment as to the random check of the license plate, but found that genuine issues of material fact precluded complete affirmation of the trial court's ruling granting Summary Judgment on the unlawful towing issue and the alleged damages claimed by Mr. Jones from the loss of his vehicle due to his alleged inability to pay the tickets, the towing and accrued storage fees, as well as damages for his alleged loss of his job that left him unable to provide for his family. *See Jones* I.

The *Jones* I panel determined that the affidavit in support of the Defendants' Motion for Summary Judgment failed to disclose any facts regarding the location of the vehicle in relation to the highway, or whether officer safety or traffic safety issues necessitated the immediate removal of the Jones' vehicle. More specifically, the *Jones* I panel found that the affidavit of Officer Sikes submitted by the Defendants in support of its motion was "silent regarding his decision to have

3

Jones' vehicle towed" and remanded the case to the trial court for a trial on the merits on the issue of unlawful towing and related damages. *Jones* I, 132 So.3d at 426. Mr. Jones did not lodge a writ with the supreme court in response to the ruling in *Jones* I.

On remand, the trial court heard several Motions in Limine wherein the Defendants attempted to narrow the remaining issues before the trial court. The trial court decided that the only issue remaining to be heard at the trial on March 3, 2015, was Mr. Jones' claim of wrongful towing and attendant damages. In its written judgment on the Motions in Limine, dated March 2, 2015, the trial court stated:

> Defendant's Second Motion in Limine is hereby GRANTED. The Court finds that the Third Circuit's ruling in *Jones v. Town of Woodworth*, pp. 2012-1349 (La.App. 3 Cir. 12/26/13); 132 So.3d 422, *rehearing denied* (3/19/14) on the issue of privacy expectation in a license plate, and sufficient reasonable suspicion and/or probable cause for the stop are final, and "law of the case." As such, Plaintiff will not be allowed to present any witnesses or exhibits on those two issues. The only issue for trial which the Court will accept evidence is whether Plaintiff can establish a claim for "wrongful towing" and attendant damages.

The trial on the remaining issues of wrongful towing and damages proceeded as scheduled on March 3, 2015. The testimony of Mr. Jones at trial reflects that all charges stemming from the tickets issued by Officer Sikes were waived, based on a hardship determination by the Mayor, who also functions as the Magistrate of the Town of Woodworth.

As to the wrongful seizure of the vehicle issue, La.R.S.32:1735.1(A) provides, "Any law enforcement agency may place a hold on a vehicle stored at a licensed storage facility for up to fourteen days." The hold on Mr. Jones' vehicle was released.

4

Louisiana Revised Statutes 32:1735.1(B) provides that once the law enforcement hold is lifted "the storage facility shall release the vehicle to its owner upon payment by such owner of all towing and storage charges to the storage facility[.]" Mr. Jones was unable to retrieve his vehicle from the towing company, despite having a licensed driver available to drive the vehicle, due to his refusal and/or inability to pay the towing and storage fees. The towing company was not a party to this litigation and has no connection that appears in this record to the Town of Woodworth or Officer Sikes. At trial, Mr. Jones failed to present any evidence on the issue of whether his vehicle had been wrongfully held, and there was no factual dispute that Mr. Jones failed to pay the towing and storage fees.

As to the wrongful towing issue, Mr. Jones presented evidence at trial that he asked Officer Sikes that he be allowed to call his brother and sister-in-law, who were shopping in Alexandria, Louisiana, to come to the scene and take possession of his vehicle, thus obviating the necessity for towing. Officer Sikes was called under cross examination and testified as to his reasons why he did not agree to Mr. Jones' proposal and why he called the towing company to tow the vehicle.

At the close of Mr. Jones' case in chief, the Defendants moved for Involuntary Dismissal pursuant to La.Code Civ.P art. 1672(B). The trial court granted the Defendants' Motion for Involuntary Dismissal in oral reasons stated on the record and memorialized in the formal judgment signed March 11, 2015. The trial court found, "The Court, being of the opinion that, after giving all allowable inference to Plaintiff, no evidence was presented to establish that OFFICER DAVID SIKES had any legal duty to call or allow any third parties to come to the scene of this incident involving KEVIN W. JONES, SR."

5

Mr. Jones filed a timely appeal of the trial court's judgment, and in response the Defendants filed a Motion to Strike Appellant's Brief and Dismiss Appeal on the basis Mr. Jones' brief to this court failed to conform to the requirements of Uniform Rules—Courts of Appeal, Rules 2-12.1-2-12.6. The Defendants' Motion to Strike Appellant's Brief and Dismiss Appeal was granted on July 13, 2015, and this court ordered Mr. Jones to file an amended appeal brief no later than August 14, 2015. As ordered by this court, Mr. Jones timely filed an amended appeal brief.

In response to Mr. Jones' amended appeal brief, and in addition to the Defendants' Original Brief for Appellees Town of Woodworth and Officer David Sikes, the Defendants filed a Peremptory Exception of No Cause of Action and a brief in support thereof. The Defendants' exception sought to dismiss Mr. Jones' remaining claim of wrongful towing and attendant damages on the basis that in his amended appeal brief, Mr. Jones admitted that Officer Sikes had the discretion to make the determination of whether or not to tow the Jones' vehicle or allow third parties to come to the scene, thus vitiating his remaining claim of wrongful towing.

On September 10, 2015, this court denied Mr. Jones' out of time request for oral argument and also referred to the merits without oral argument the Defendants' Peremptory Exception of No Cause of Action.

### ASSIGNMENT OF ERRORS

Mr. Jones asserts the following errors on appeal:

1) The trial judge erred in ruling that Officer Sikes did not owe a duty to Jones to allow his brother to come to the scene of the stop and pick up his vehicle.

2) The trial judge erred in failing to find that Police Officer Sikes was clearly wrong and unnecessarily abused his authority and discretion as a police officer when he had the vehicle of Jones needlessly towed even though Jones' brother had been called and available to come and pick up the vehicle.

3) The trial judge erred in failing to find that where the vehicle of Jones was stopped by Officer Sikes along U.S. 165, it was safely off the highway and did not pose a safety hazard to the motoring public and officer Sikes abused his discretion and authority as a police officer by having the vehicle towed.

4) The trial judge erred in not finding that Officer Sikes abused his authority and his discretion as a police officer when he unnecessarily gave citations to Jones knowing that they should not have been given to him.

5) The trial judge erred in not awarding damages to Jones in an amount of at least $50,000.00 for his vehicle being unnecessarily towed and subsequently lost, his loss of job, the suffering of his family and his being unnecessarily embarrassed, vexed, humiliated and berated by Officer Sikes acting under Color of Law as a police officer.

## LAW AND DISCUSSION

### *Jurisdiction*

The Defendants correctly state that La.Code Civ.P. art. 2163 allows this court to rule on the Defendants' Peremptory Exception of No Cause of Action filed for the first time in this court. Louisiana Code of Civil Procedure Article 2163 provides, in pertinent part, "The appellate court **may** consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for decision, and if proof of the ground of the exception appears in the record." (Emphasis added.)

It is within this court's discretion to defer ruling on the Defendants' Peremptory Exception of No Cause of Action and proceed with its review of Mr. Jones' appeal. The trial court's ruling came after hearing all evidence introduced by Mr. Jones. Based on the procedural posture of this case, this court exercises its discretion to rule on the merits of the appeal and denies the Defendants' Peremptory Exception of No Cause of Action.

7

***Standard of Review - Involuntary Dismissal***

At the close of Mr. Jones' case in chief, the trial court granted the Defendants' Motion for Involuntary Dismissal pursuant to La.Code Civ.P. art. 1672(B), which provides, in pertinent part:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that *upon the facts and law*, the plaintiff has shown no right to relief. The court *may then determine the facts* and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all evidence.

(Emphasis added.)

Unlike the procedure in a Motion for Summary Judgment, in a Motion for Involuntary Dismissal, the trial court hears all of the plaintiff's evidence and makes factual findings. After applying the law to the facts presented by the plaintiff, the court then makes a ruling that the plaintiff has shown "no right to relief." *See* La.Code Civ.P. art. 1672(B).

As reiterated in *Biagas v. St. Landry Parish Sheriff Office*, 13-642 (La.App. 3 Cir. 12/11/13), 132 So.3d 971, *writ denied*, 14-73 (La. 3/14/14), 137 So.3d 15, the trial court's determination to grant a Motion for Involuntary Dismissal is subject to a manifest standard of review. In *Biagas*, 132 So.3d at 974, the court stated:

> Thus, the trial court must consider the evidence presented by the plaintiff and, if the trial court determines that that evidence is insufficient to establish the plaintiff's case by a preponderance of the evidence, dismissal is appropriate. *Vintage Wings & Things, LLC v. Toce & Daiy, LLC*, 04-706 (La.App. 3 Cir. 11/10/04), 886 So.2d 652. The appellate court reviews the trial court's grant of a motion for involuntary dismissal under the manifest error standard of review. *Id*.

8

We, therefore, review the trial court's ruling on the Motion for Involuntary Dismissal pursuant to La.Code Civ.P. art. 1672(B) using the manifest error standard.

### Law of the Case

Through counsel, Mr. Jones continues to attempt to argue in brief that the initial stop of his vehicle was unconstitutional. As we indicated earlier in this opinion, that issue was decided in *Jones* I and is now the "law of the case."

In *Arceneaux v. Amstar Corp.*, 10-2329, p. 14 (La. 7/1/11), 66 So.3d 438, 448, the supreme court succinctly discussed the policy and principles applicable to the law of the case doctrine and stated:

> The law of the case refers to a policy by which the court will not reconsider prior rulings in the same case. *Day v. Campbell-Grosjean Roofing & Sheet Metal Corp.*, 260 La. 325, 256 So.2d 105 (1971).
>
> The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue.
>
> *Petition of Sewerage and Water Bd. of New Orleans,* 278 So.2d 81, 84 (La.1973). However, even when applicable, the law of the case is discretionary and should not be applied in cases of palpable error or where application would result in injustice. *Id.*

As previously indicated, the trial court clearly stated prior to trial on March 3, 2015, that the only issue remaining before it was the wrongful towing issue and attendant damages. Finding the prior ruling of this court in *Jones* I to be a final

judgment, we will apply the law of the case doctrine to all claims of Mr. Jones dismissed on Summary Judgment in *Jones* I. Thus, we will limit our review to whether the trial court was manifestly erroneous in its decision to grant the Motion for Involuntary Dismissal on Mr. Jones' sole remaining claim of wrongful towing and alleged attendant damages. *See Koonce v. Dousay*, 06-1498 (La.App. 3 Cir. 3/7/07), 952 So.2d 893. We have previously chosen to deny the Defendants' Peremptory Exception of No Cause of Action, choosing instead to rule on the merits of the appeal as factual issues were presented at the trial.

### *Assignment of Error One*

Mr. Jones claims the trial court "erred in ruling that Officer Sikes did not owe a duty to Jones to allow his brother to come to the scene of the stop and pick up his vehicle." The trial court, in both its oral reasons for ruling and in the formal judgment of March 11, 2015, found that Officer Sikes had no "legal duty to call or allow any third parties to come to the scene of this incident involving KEVIN W. JONES, SR."

The Town of Woodworth and Officer Sikes had also plead in their "Answer To Plaintiff's Petition for Damages," the affirmative defense of qualified immunity pursuant to La.R.S. 9:2798.1, La.R.S. 9:2800-2800.52, and La.R.S. 9:2792.4. However, we need not determine the qualified immunity of the Defendants and choose instead to base our analysis on the issue of whether the trial court committed manifest error in granting the Defendants' Motion for Involuntary Dismissal on the basis that no legal duty was owed to Mr. Jones by Officer Sikes based on the evidence introduced by the plaintiff.

We were faced with a similar issue in *Dupre & Son Floor Covering, Inc. v. City of Iota*, 09-1183 (La.App. 3 Cir. 5/5/10), 36 So.3d 1117. That case involved

the police officers' alleged failure to impound a vehicle. In *Dupre*, a statutory duty was created pursuant to La.R.S. 32:863.1(A)(1).[3] The statute requires police officers to impound a vehicle when the driver is unable to present proof of insurance.[4] The police officers failed to impound the vehicle and nine days later the vehicle was involved in a traffic accident. A panel of our court decided to review the case on appeal under a duty/risk analysis pursuant to La.Civ.Code art. 2315, rather than apply the analysis applicable to statutory qualified immunity. The panel found that the police officers breached their duty by failing to impound the vehicle, but the breach was neither the legal cause nor a substantial factor in causing the accident. *See Dupre*, 36 So.3d 1117.

In this case, Officer Sikes had issued a citation to Mr. Jones for failure to furnish proper proof of insurance. The statute mandates that he impound the vehicle in such a circumstance, and he had a legal duty to do so. Had he failed to order the vehicle towed and impounded pursuant to the statute, he and the Town of Woodworth could have been sued for breach of that statutory duty, as in *Dupre*. The statute at issue mandates that upon issuing a citation for no proper proof of insurance "the motor vehicle shall be impounded." La.R.S.32:863.1(C)(1)(a) Officer Sikes followed his duty and certainly did not breach it.

---

[3] Louisiana Revised Statutes 32:863.1(A) states, in pertinent part:

> A. No owner . . . of a self-propelled motor vehicle registered in this state . . . shall operate or allow the operation of such a vehicle upon any public road, street, or highway in this state unless there is contained within the vehicle one of the following document evidencing that the motor vehicle is in compliance with . . .
>
> (1) A certificate of insurance.

[4] Louisiana Revised Statutes 32:863.1(C)(1)(a) requires the vehicle to be towed where there is no proof of insurance and provides, in pertinent part, " If the operator of a motor vehicle is unable to show compliance with the provisions of this Part by displaying the required document when requested to do so, the motor vehicle shall be impounded[.]"

In *Rando v. Anco Insulations, Inc*. 08-1163, pp. 26-27 (La. 5/22/09), 16 So.3d 1065, 1086, the five elements applicable to a duty/risk analysis were delineated by the supreme court:

> [I]n order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).
>
> . . . .
>
> A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. *Lemann v. Essen Lane Daiquiris, Inc.,* 05-1095 (La. 3/10/06), 923 So.2d 627, 632-33. Elaborating further, we stated:
>
>> Whether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.

Mr. Jones claims the vehicle was insured, but that the insurance was in his mother's name even though the vehicle was registered in his name. It could be argued that under the circumstances, there was sufficient proof of insurance and that Officer Sikes nevertheless owed him a duty to allow third parties unknown to the officer to come to the scene of the traffic stop and remove Mr. Jones' vehicle in lieu of towing. At trial, however, Mr. Jones failed to show that Officer Sikes had either a "statutory or jurisprudential" duty to allow a third party to come to the scene and take possession of the vehicle. *See Rando*, 16 So.3d at 1086. Mr. Jones further admitted in his sworn testimony, "he had no evidence to show that Officer

Sikes did not have the authority to have the vehicle towed." Likewise, there is no evidence in the record to show that Officer Sikes had knowledge that the vehicle, and Mr. Jones' operation thereof, was in fact insured. Mr. Jones was, in effect, an unlicensed driver who failed to furnish proof of insurance for his operation of the vehicle.

Moreover, the question of a duty owed by Officer Sikes to Mr. Jones to allow third parties unknown to the officer to come to the scene of the traffic stop was seemingly answered by a panel of this court in the case of *Simon v. Theriot*, 13-562 (La.App. 3 Cir. 12/11/13), 127 So.3d 1057. Simon, on behalf of her minor children, filed a petition for damages against the sheriff and his deputies (Defendants) when her ex-husband committed suicide in his vehicle after it was stopped and surrounded by deputies. The deputies were responding to a complaint filed by the decedent's then girlfriend and her mother. Simon claimed the Defendants were negligent in failing to allow third parties to come to the scene of the parked vehicle to assist in the negotiations and were thus responsible for her ex-husband's death.

The panel in *Simon* affirmed the trial court's ruling dismissing Simon's claims against the Defendants for failure to state a cause of action, which does not allow the presentation of evidence, but is determined solely on the facts as alleged in the petition. *See* La.Code Civ.P. art. 931. The panel in *Simon*, 127 So.3d at1061, stated in affirming the trial court:

> What the trial court found was that "[p]laintiff has failed to allege facts which impose a duty upon the Sheriff's deputies." Again, the facts alleged in this case establish that the deputies were confronted with an armed, barricaded, and suicidal individual who was never in custody at any time during the encounter. The trial court correctly concluded that, under these circumstances, no duty arose on the part of the Sheriff and the deputies. The exception was granted, not

13

because of a failure to allege a duty, but because under the facts as pled, viewed in the light most favorable to Simon, no duty arose as a matter of law.

In this case, Mr. Jones was afforded the opportunity to present all of his evidence at a bench trial and still was unable to provide the court with any facts, jurisprudential, or statutory authority sufficient to establish that a duty was owed by Officer Sikes to Mr. Jones to call a third party to come to the scene of this traffic stop to take possession of his vehicle. Mr. Jones was unable to provide the factual basis necessary to establish a duty "arising from general principles of fault." *Rando*, 16 So.3d at 1086.

The supreme court in *Hardy v. Bowie*, 99-2821, p. 12 (La. 9/8/99), 744 So.2d 606, 614, discussed the duty owed by a police officer under the duty/risk analysis and stated:

> Generally, a "police officer has a duty to perform his function with due regard for the safety of all citizens who will be affected by his action." *Prattini v. Whorton,* 326 So.2d 576 (La.App. 4 th Cir.1976); *Justin v. City of New Orleans Through Morial,* 499 So.2d 629, 631 (La.App. 4th Cir.1986), *writ denied,* 501 So.2d 232 (La.1987). "His authority must at all times be exercised in a reasonable fashion and he must act as a reasonably prudent man under the circumstances." *Id.* Officers are held to choosing a course of action which is reasonable under the circumstances. *Mathieu* [*v. Imperial Toy Corp.*, 94-952 (La. 1/30/1995), 646 So.2d 318, 325].

Therefore, Officer Sikes would be "held to choosing a course of action which is reasonable under the circumstances." *Id.* Officer Sikes executed the traffic stop on Mr. Jones' vehicle after confirming that he was driving with a suspended license, and, according to a criminal records check he had ordered to ensure officer safety, Mr. Jones had a violent criminal history. After the stop, Officer Sikes further learned that the two passengers in Mr. Jones' vehicle also did not possess valid driver's licenses and were therefore unable to lawfully operate

the Jones' vehicle.  Additionally, Officer Sikes testified at trial that the Jones' vehicle was parked on the shoulder of the highway, just two feet off the fog-line, and that his patrol car was parked behind Mr. Jones' vehicle with the emergency lights on.  Officer Sikes noted that he could not leave Mr. Jones' vehicle unattended at the scene of the stop without endangering public safety.

It is undisputed that Mr. Jones did request that he be allowed to remain with the vehicle while his brother and sister-in-law drove from Alexandria, Louisiana, to the scene of the traffic stop and retrieve the vehicle.  Officer Sikes testified that he has over twenty years' experience making traffic stops, including accidents involving vehicles parked on the shoulder of the road.  He further testified that he did not allow Mr. Jones' brother to come to the scene because of his training, which prohibited allowing a non-neutral third party to be called to the scene based on concern for officer safety.

Additionally, Mr. Jones' brother was not the owner of the vehicle, and thus, there was a potential for further liability if there was a subsequent accident during his trip in the Jones' vehicle back to Alexandria, Louisiana.  In addition, there was no valid proof of insurance.  Further, the Jones' vehicle was parked close to the fog line.  Officer Sikes could not safely stand by and wait for a third party unknown to him to come to the scene, nor could he leave the vehicle on the scene unattended by his unit, which had engaged emergency flashers to warn oncoming drivers.

Based on all the circumstances of the traffic stop, the trial court correctly determined that Officer Sikes acted reasonably under the circumstances in having the Jones' vehicle towed because of safety concerns both for the motoring public and for the officer.  We further find that Officer Sikes had a legal obligation to do so based on his issuing a ticket for no proof of insurance, which triggered his legal

15

obligation to have the vehicle towed pursuant to La.R.S.32:863.1(C)(1)(a). In granting the Defendants' Motion for Involuntary Dismissal, the trial court considered the evidence presented by the plaintiff and found that Mr. Jones had "no right to relief." *See* La.Code Civ.P art. 1672(B).

After a thorough review of the record, we agree and find that the trial court's ruling was not manifestly erroneous. We affirm the trial court's judgment granting the Defendants' Motion for Involuntary Dismissal of Mr. Jones' sole remaining claim against the Town of Woodworth and Officer David Sikes with prejudice at his cost.

As we have affirmed the trial court's ruling that no duty was owed to Mr. Jones by Officer Sikes based on his only remaining claim of wrongful towing, we pretermit any further discussion of Mr. Jones' remaining assignments of error, including the remaining assignments of error seeking damages related to the wrongful towing.

### CONCLUSION

For the foregoing reasons, the trial court's March 11, 2015 judgment dismissing the claims of Kevin W. Jones, Jr. against the Town of Woodworth and David Sikes is affirmed. The Town of Woodworth and David Sikes' Peremptory Exception of No Cause of Action is denied. All costs on appeal are assessed to Kevin W. Jones, Jr.

**AFFIRMED. PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION DENIED.**